## No. 9165.

### SUCCESSION OF ALCIDE ST. HUBERT.

On an appeal from a judgment appointing the public administrator for the parish of Orleans administrator of a succession alleged by him to be vacant, the question is not whether the deceased had left heirs present or represented, in the State, but whether the existence of such heirs was made known, by opposition or otherwise, to the court, before the rendition of the judgment.

If the judgment was preceded by an application with proper allegations, by public notice, was rendered after legal delays, and without opposition, the appellate tribunal cannot consider evidence brought after the judgment tending to show the existence and presence of legal heirs with a view to obtain a reversal of the judgment.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J

*Chas. Louque* for the Heirs, Appellants.

*Breaux & Hall* for the Public Administrator, Appellee.

The opinion of the Court was delivered by

POCHÉ, J. The mother and the three sisters of the deceased, representing themselves as his sole heirs, have taken this appeal from the judgment of the district court, appointing the public administrator of the parish of Orleans, administrator of this succession. The record discloses the following facts and proceedings:

A few days after the death of Alcide St. Hubert, who died in this city on December 8, 1883, the public administrator applied for the administration of his succession, alleging that the deceased had left property and debts and that he had left no surviving wife or heir, present or represented in the State, entitled to or claiming the administration of his succession. After due public notice of the application, and after the expiration of legal delays, and no opposition having been made to the application, the court appointed the public administrator and he was at once qualified as administrator of the succession.

From that judgment, which was rendered and signed January 10, 1884, the present appeal was taken by motion, on the 4th of February following.

The motion of appeal was supported by affidavits of appellants reciting in substance that they are the sole legal heirs, all of age, of the deceased, and that they are now and were, at the time of his death, residents of the city of New Orleans.

The contention of their counsel is that these facts show conclusively that the public administrator was not entitled to the administration of this succession and that his appointment as such should be annulled and set aside as having been made in contravention of law.

Our understanding of the issue presented by the appeal, is that the sole question which we are called upon to decide involves the validity of the judgment appointing the administrator under the pleadings and facts then brought to the knowledge of the court.

On appeal, our investigation must, in the very nature of things, be restricted to the matters argued or contended below.

This rule peremptorily excludes from our consideration all matters and elements of proof as well as issues which parties may seek to inject in the proceedings subsequent to the rendition of the judgment complained of.

Hence, in this matter, the question is not whether the public administrator is entitled to his appointment under the showing made by appellants, who now present themselves, but whether under the showing made before the district judge his judgment is sustained by law.

The record shows conclusively that no heirs had presented themselves, or were then known, to the court, and that no opposition had been made to the public administrator's application.

Under those circumstances the law itself dictated the judgment which was rendered in the premises, and we have no authority to disturb it on this appeal. Acts of 1870, p. 120; Acts of 1877, p. 111.

It is, therefore, clear to our minds that appellants have entirely mistaken their remedy.

Judgment affirmed.

Rehearing refused.