(38 South. 430.)

No. 15,570.

Succession of BROADWAY.

(April 24, 1905.)

ADMINISTRATOR—RESIGNATION—APPEAL—
PARTIES.

On Motion to Dismiss.

1. Where the probate judge accepted the resignation of an administrator, and ordered his bond to be canceled on the appointment and

qualification of his successor, and creditors appealed, *held,* that other creditors and the widow and heirs of the deceased were not necessary parties to the appeal.

### On the Merits.

2. The ex parte resignation of an administrator, with accounts to render, and its acceptance by the probate judge, will be vacated, when it appears that the alleged inability is not of such a nature as to prevent the officer from continuing his gestion.

(Syllabus by the Court.)

Appeal from Seventh Judicial District Court, Parish of Richland; William Jefferson Gray, Judge.

In the matter of the succession of R. L. Broadway. From an order refusing to set aside acceptance of resignation of administrator, certain creditors appeal. Reversed.

John Merritt Munholland, for appellants sureties and certain creditors. George Wesley Smith (Snyder & Gilfoil, Wiley Randolph Jones, J. T. Willis, and Saunders & Gurley, of counsel), for appellees succession of R. L. Broadway, widow and heirs of R. L. Broadway, George W. Broadway, and certain creditors of the succession.

LAND, J. The late R. L. Broadway died at his domicile, in the parish of Richland, in September, 1904, leaving a considerable estate. In October following, Alex McCaskill, a creditor, was duly appointed and qualified as administrator of the succession. The administrator proceeded with his gestion until January 3, 1905, when he presented to the district judge in chambers a petition alleging as follows, to wit:

"Now comes Alex McCaskill, administrator of the above succession, and for good and sufficient cause, chief of which is his inability to properly attend to the matters of the said succession on account of the pressure of personal business and ill health, he respectfully asks to be relieved from any longer serving as administrator, and he respectfully asks that his resignation be accepted.

"He further prays that as soon as another administrator has been appointed and qualified as required by law, that your petitioner's bond be duly ordered canceled."

The judge thereupon signed the following order:

"Considering the above and foregoing application, it is ordered, adjudged, and decreed that the resignation of Alex McCaskill as administrator of the succession of R. L. Broadway, deceased, be and the same is hereby accepted, and it is ordered that as soon as his successor has been duly appointed and qualified, that the bond of the petitioner be duly canceled."

On the same day George W. Broadway, a son of the decedent, petitioned to be appointed administrator vice Alex McCaskill, resigned, and the judge ordered that the application be advertised in the manner and form and for the period required by law.

On February 9, 1905, Alex McCaskill filed a lengthy petition to the court, embodying an application to withdraw his resignation of January 21, 1905, and concluding with a prayer that the order of that date be set aside, rescinded, and annulled. The grounds for this application were stated as follows, to wit:

"Now, your appearer shows that his resignation was based solely upon the wishes of the heirs of the decedent, and that, since the same has become known to some of the creditors, they object to your mover's resignation as above provided; and your appearer shows that he believes now that the application was improvidently made, and that the order should be rescinded and annulled; shows that he is perfectly willing for the time being to continue the administration, believing that it is for the best interest of the estate that he still holds possession of the succession assets; that his bond has not been canceled, and that there has been no material change in the affairs of the succession."

The district judge declined to rescind the order of January 31, 1905, accepting the resignation of the administrator.

On February 10, 1905, four creditors of the succession and the sureties on the administrator's bond presented a lengthy petition to the judge, reciting the above proceedings in the succession, and alleging that the petitioners had no notice of the same, and that the resignation of the administrator and its acceptance by the judge were unlawful, especially in that an administrator cannot resign and have his bond canceled without ren-

dering an account of his gestion, and concluding with a prayer for appeals, suspensive and devolutive, from the order of January 31, 1905, and for citation to Alex McCaskill, as administrator of the succession. The judge granted a devolutive appeal as prayed for, and McCaskill, as administrator and individually, acknowledged service of the petition and order.

In this court the said appellee has filed an answer to the appeal, alleging that his resignation was improvidently presented, without consulting his attorney, sureties, or creditors, and in a moment of irritation caused by the unwarranted complaints of the widow and heirs of the deceased; that he should not have resigned without rendering his account and getting his discharge; that he had sold real estate, received the proceeds of the sale, and had not executed written acts of sale to the purchasers. Wherefore the appellee prayed that the action of the lower court be reversed, and that he be reinstated in his position as administrator.

The widow and heirs of the deceased, George W. Broadway, applicant for the administration, and a number of creditors of the succession, have filed a motion to dismiss the appeal, on the ground that they are necessary parties and have not been cited, and on the further ground that no appeal lies from the order of court accepting the resignation of the former administrator.

The same parties also filed answers to the appeal, praying that the order in question be amended by directing that the administrator file an account of his gestion, and, as thus amended, be affirmed.

The petition for appeal and the answers thereto contain charges and countercharges, and allegations of matters en pais, which cannot be considered on this appeal.

The sole question which we are called upon to decide involves the validity of the order accepting the resignation of the administrator upon the pleadings and facts then brought to the knowledge of the court. On appeal, our investigation must be restricted to the issue presented to the judge a quo for his determination, and this rule excludes from our consideration all other matters which the parties before us have sought to inject in the proceedings. Succession of St. Hubert, 36 La. Ann. 388.

### Motion to Dismiss.

The administrator was the only party to the proceedings and order, and was cited to answer the appeal both in his representative and individual capacity. If the widow, heirs, and creditors are essential parties to this appeal, they were to the proceedings below, which they pray this court to affirm. The logical sequence would be the nullity of the order appealed from for want of proper parties. We, however, think that the administrator was the only necessary appellee, as shown by the record. It is well settled that any heir, creditor, or person interested may maintain a suit to remove the succession representative. Garland's Code Prac. art. 1014, note "a." Hence all the heirs and creditors of an estate are not necessary parties to an issue whether or not an administrator shall be destituted or remain in office. The same principle is applicable to the issue before the court.

The order or judgment appealed from was final as it dismissed or superseded the administrator, and the decision of the judge was subject to an appeal. Civ. Code, art. 1151.

The motions to dismiss are therefore overruled.

### On the Merits.

We have been referred to no codal or statutory provision of the laws of this state which authorizes or permits the resignation of an administrator. While such an officer may be removed, dismissed, or superseded for certain causes, this must be done by direct action, and it is made the duty of the

judge, upon becoming acquainted with any fact sufficient to justify removal, to direct suit to be instituted for that purpose. Code Prac. arts. 1013–1019. It is argued, however, that no suit to remove was necessary, because the administrator confessed in his petition, "first, that he was unable to attend properly to the business of the succession, and, second, that this inability was due to press of business and ill health."

It appears from the allegations of the petition of withdrawal that the inability was not such as to prevent the administrator from discharging the duties of his office.

The argument assumes that the unsworn allegations of the first petition of the administrator must be taken as true, and ignores the allegations of the petition of withdrawal, which are entitled to equal consideration.

Such a doctrine would enable any tutor, curator, or succession representative to resign and get rid of his trust by merely alleging inability to perform the duties of his office. Private business is no excuse at all, and the degree and permanency of the illness are not disclosed by the record. In the case of a tutor, the Civil Code provides that he may be discharged "if his infirmity be of such a nature as to render him incapable of transacting his own business." Physical ailment is not among the statutory causes for removing or superseding an administrator. It may be that illness so protracted and severe as to render an administrator incapable of discharging the duties of his trust might furnish good ground for resignation or discharge, but no such case is before the court.

Administrators are subject to the same duties and responsibilities as curators of vacant estates. Civ. Code, art. 1049. The law provides that "curators shall continue in office until the estate shall be finally wound up." Id. art. 1195. The same rule applies to executors. Id. art. 1674. The law does not contemplate that these fiduciaries shall undertake a trust and then resign, save in very exception-

al cases, before it is executed. This is the first case of the kind presented in our jurisprudence. If it concerned the administrator alone, his resignation might not be objectionable; but the interest of creditors is affected by a change of administrators, causing delays and additional costs and expenses to the estate. The withdrawal of the application to resign should have been permitted in the interest of the succession, the judge being then informed that the administrator was capable of continuing his gestion.

It is therefore ordered, adjudged, and decreed that the order appealed from be annulled, avoided, and reversed, and that Alex McCaskill be recognized and reinstated- as administrator of the succession of R. L. Broadway; appellees to pay costs of appeal.