LOTTINGER, Judge.
Appellant, Sharon Haas Crain, appeals the judgment of the trial court removing her as the executrix of the instant succession.
Eros Crosby Crain died testate on August 13, 1977. In his last will and testament the decedent designated his wife, Sharon Haas Crain, as his testamentary executrix. Letters testamentary were issued on March 7, 1978.
Between October 18, 1978, and June 19, 1980, Mrs. Crain, as executrix, requested and obtained court authority to execute acts of corrections, grant a mineral lease, sell an airplane at private sale, and sell immovable property at private sale.
On March 22, 1979, Rebecca G. Crain, a daughter of the decedent from a prior marriage, filed pleadings seeking to remove appellant as executrix for the failure to file an annual account and an inventory of the succession. A hearing date was fixed, but was continued and ultimately not reset.
The record consists entirely of pleadings and exhibits. If there was ever any hearing held on the rule to remove executrix, same was not recorded for transcription. However, it is abundantly clear from the record that a certain amount of conflict and animosity exists between the appellant and the two daughters of the decedent’s previous marriage. Appellant was apparently most reluctant to file an accounting and did not file a sworn descriptive list of assets until March 27, 1981.
On February 19, 1981, various pleadings were filed by appellant’s attorney at that time, indicating that Mrs. Crain no longer wished to serve as executrix, citing health and compelling business interests as her reasons. The attorney then withdrew as counsel of record and on February 20, 1981, Mrs. Crain in proper person filed a statement indicating that an executrix was not needed. Subsequently on March 9, 1981, Rebecca Crain Christ (the former Rebecca B. Crain) petitioned the trial court to be appointed provisional administratrix inasmuch as the appellant had resigned as executrix. The trial court ex parte appointed Rebecca Crain Christ as provisional admin-istratrix and by separate judgment the same day ordered the removal of appellant as executrix. The appellant apparently had a change of heart, or did not wish to see her stepdaughter as provisional administratrix, because she now appeals the judgment ordering her removal as executrix.
Appellant questions whether she can resign if there is not sufficient cause shown in a contradictory hearing. Appellant has cit *913 ed to this court the case of Succession of Broadway, 114 La. 492, 38 So. 430 (1905). In Broadway, the administrator submitted his resignation on the basis of pressing personal business and ill health. He was allowed to resign. When a son of the decedent petitioned to be appointed administrator the previous administrator filed a petition withdrawing his resignation, stating that his resignation was based solely on the wishes of the heirs, and that certain creditors now objected to his resignation. The Supreme Court concluded that no statutory authority existed authorizing a resignation, that the illness in question was not so serious as to prevent the administrator from performing his job, and that as such the withdrawal of the resignation should have been allowed. We note this case has never been cited in any other case in the state; however, neither has it been overruled.
We have not been cited any statutory authority that allows a succession representative to resign. Interestingly, La.C. C.P. art. 4233 allows a tutor other than a parent to resign under certain circumstances, but a similar provision cannot be found under the succession articles of the Code of Civil Procedure. One must logically reach the conclusion that since specific authority to resign is found under the tutorship articles but none is found under the succession articles that it was never the intention of the redactors of the Code of Civil Procedure to allow a resignation by a succession representative.
Inasmuch as we find that the trial court was in error in accepting the resignation of Mrs. Crain as the executrix, we remand this matter to the trial court with the admonition to the trial judge and counsel for both sides that the rule to remove Mrs. Crain as executrix and any other pending motions should be resolved as quickly as possible.
Therefore, for the above and foregoing reasons, the judgment of the trial court accepting the resignation of Sharon Haas Crain as executrix of the Succession of Eros Crosby Grain is reversed and the cause remanded for further proceedings consistent with the views expressed hereinabove.
REVERSED AND REMANDED.