BOWES, Judge.
This case comes before us on appeal from a judgment of the trial court awarding plaintiff John Jay Grassafi damages in the amount of $91,872.00, plus $3,600.00 for training a replacement for defendants. Plaintiff had sued defendants on a contract of employment, alleging failure to comply with non-competitive clauses of the contract by entering into business relationships with one another within a prohibited time period. The matter was tried and appealed to the Fourth Circuit, then the proper forum, as matter number 10433. Liability of defendants was upheld, but the case was remanded for trial as to actual damages. It is from this damage award that defendants appeal, alleging seven issues.
Out of the quagmire which constitutes this case subsequent to remand, we believe we have distilled the relevant points. Initially, a chronology of salient events would be in order:
April 1, 1980 — Plaintiff’s counsel files motion to set for trial.
April 14, 1980 — Notice of trial set for June 26,1980 is served on counsel.
June 13,1980 — Request for subpoena duc-es tecum and Notice of Deposition for plaintiff is filed, and set for June 19, 1980.
June 26,1980 — Trial begins; continued to September 12, 1980, while witness, *457 Rodney LeBlanc, is in the midst of being cross-examined.
September 5, 1980 — Notice of deposition and subpoena duces tecum for witness, Rodney LeBlanc, set for September 9, 1980.
September 5, 1980 — Motion to Dismiss and Contempt of Court for failure to make discovery (reference the deposition of plaintiff on June 19). Motions set for Sept. 12th (morning of trial).
September 12, 1980 — Motion to Continue Trial granted on basis of plaintiff’s failure to complete discovery and location of one of the defendants whose whereabouts were previously unknown. Trial reset for October 3rd.
September 15, 1980 — Stay order signed staying proceedings until compliance of plaintiff with court ordered subpoena (reference the discovery motions). October 3rd set as date to show cause why plaintiff and witness, LeBlanc, should not comply with court orders.
September 22, 1980 — Motion for protective order filed by plaintiff; not signed by the judge.
October 3, 1980 — Minute entry showing trial and rules continued to 10/27/80.
October 27, 1980 — Minute entry — rule continued to November 26th.
November 26,1980 — Application for time to file writs and motion for continuance denied.
November 26,1980 — Trial on merits held, without defendants or their counsel present.
Above is an admittedly skeletal outline of important events, the flesh of which we shall supply below.
Defendant’s counsel made his initial attempts at discovery late in the game, yet before the first trial date. At that time, plaintiff did not object to the subpoena duces tecum served on his client. The deposition was evidently held and the trial began.
The trial was continued in midstream for several reasons, one of which is relevant here: defendants were unable to complete their discovery. On September 12th, the court granted a continuance and, we are told by plaintiff’s brief, gave defendants one week in which to conclude the discovery. The transcript of that morning is not a matter of record on this appeal. Three days later, the court signed a stay order requested by the defendants based on failure of plaintiff, Grissafi, and his accountant, Rodney LeBlanc, to comply with subpoena duces tecum and also on Mr. Le-Blanc’s failure to attend the deposition set. It is noted that Mr. LeBlanc was properly subpoenaed to appear at the deposition. Unfortunately, the procedural articles cited by defendant in his motion for a stay order were obsolete by some four years at that time, having been superseded by amended or new articles.
We feel that the trial court must have believed it had the authority to issue the order under the correct and current articles, notably 1471, and the circumstances of the case. Otherwise, a stay would not have been issued. Plaintiff filed no pleadings objecting to issuance of the order. We hold, therefore, that the stay order was a valid exercise of the court’s discretion to issue such orders as are just and equitable. The regulation of discovery is subject to the broad discretion of the trial court and, absent a clear showing of abuse, its rulings will not be disturbed. Folds v. Red Arrow Towbar, 378 So.2d 1054 (1st Cir.1979). “The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner and to control the proceedings at trial, so that justice is done.” C.C.P. 1631.
It is necessary to consider one further fact. The record is "devoid of a transcript for October 27th, on which date plaintiff argues the trial and rules were continued to November 26th. In the record, we have only the letter from Judge LeBrun to counsel dated October 21, 1980, which states, “Please be advised that on October 27,1980, at 9:00 a.m., I will hear the pending motions only.” (Judge LeBrun’s emphasis), and the minute entry continuing the rules (emphasis supplied) to November 26th. Most impor *458 tantly, there is the notable absence of any formal or written order rescinding the stay order. The trial judge orally stated on the morning of the 26th he believed the stay order was eliminated (rescinded) “impliedly”, which confirms our understanding that it was never actually rescinded.
We find, therefore, that defense counsel was entitled to rely on the stay order as being viable on November 26th. We find further that the order is still in effect, having never been rescinded, set aside, or amended in any manner. We further find that a written order such as this stay order cannot be “impliedly” rescinded. Hence, the trial court erroneously proceeded with the trial on the merits. Accordingly, we annul the judgment of the trial court and remand this case for action in keeping with this opinion.
For the above reasons, it is unnecessary to address any other issues presented in this appeal.
We recognize the extreme patience of the trial court with counsel for both plaintiff and defendant, his attempts to give justice to both parties, and believe the court felt compelled to proceed. However, we are obliged to rely on the record in this case, which mandates our decision.
ANNULLED AND REMANDED.