450 So.2d 1372 (1984)
SUCCESSION OF Eros Crosby CRAIN, Jr.
No. 83 CA 0630.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Robert A. Anderson, Jr., Covington, for Rebecca Crain Christ, 1st appellant.
Joseph Bishop, Jr., Mandeville, for Sharon Haas Crain, 2nd appellant.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
In this succession, a forced heir has appealed devolutively from the Judgment on Application to Remove Executrix and from the Judgment on Application to Set Attorney Fees and the executrix has appealed suspensively the latter judgment that set a *1373 $6000.00 fee for the attorney for the provisional administratrix.
Both parties filed motions making the statements that they had to meet with clerk of court personnel to determine the portions of the records to be sent us since the appeals involved much less than the entire succession. Evidently this was done since we definitely do not have the entire record.
The issues are (1) whether the legal fees charged to the succession by Robert A. Anderson are valid and (2) whether Sharon Haas Crain should be removed as Executrix for mismanagement and failure to perform her legal duties.
We affirm.
Eros Crosby Crain died on August 13, 1977. He was survived by his spouse, Sharon Haas Crain, and two daughters by a prior marriage, Patricia Crain McDonald and Rebecca Crain Christ. Appellee was confirmed as Executrix on March 7, 1978. She resigned from this position on February 19, 1981. The court appointed appellant as provisional administratrix on March 17, 1981. After an appeal to this court, Mrs. Crain was reinstated as executrix in March, 1982. See 413 So.2d 912.
During the time heir-appellant served as provisional administratrix, she hired Robert A. Anderson, Jr. to handle the legal matters for the succession. She filed a petition for tableau of distribution on March 3, 1982, recognizing legal fees due to Mr. Anderson in the amount of $22,000.00. Appellee filed a rule to disallow any payment to Mr. Anderson. Judgment was rendered granting $6000.00 as attorney's fees.
Appellant argues under La.C.C.P. art. 3244 that the inclusion of the attorney's fees in the tableau of distribution creates a prima facie presumption of the validity of the claim and places the burden of proving the invalidity upon appellee. Appellant further argues that appellee did not present any witnesses or establish any testimony to contradict the claim.
Appellant testified on cross examination that Mr. Anderson not only represented the succession, but that he had also represented her in an individual capacity.
The testimony and exhibits provided the trial judge sufficient ground to review the evidence and reject the charges for services rendered for appellant in her individual capacity. The trial court is given great latitude in deciding discretionary matters and its decisions will be disturbed only when there has been a clear abuse of discretion. Rourke v. Coursey, 338 So.2d 1197 (La.App. 3rd Cir., 1976).
Appellant contends that the trial court committed an error in fact by disregarding the exhibit P-2. The trial court, in its reasons for judgment, referred to exhibit P-1 but failed to specifically mention P-2. However, the court did refer to "the other evidence submitted." Upon reviewing exhibits P-1 and P-2, we find that the $6000.00 award of attorney's fees was reasonable and within the trial court's broad discretion. We cannot say that the trial court's finding is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mrs. Crain appealed suspensively from the award of $6000.00 to Mr. Anderson but admits in brief that the trial court properly came to the conclusion that the award was proper.
We find no error.
Mrs. Christ contends that Mrs. Crain should be removed as executrix for mismanagement and failure to perform her legal duties. She asserts that Mrs. Crain has breached her general duties to collect, preserve and manage the property of the succession along with other specific duties to establish a succession account; and to obtain court approval for succession investments, continuation of the deceased's business, for borrowing money, and to mortgage succession property. La.C.C.P. arts. 3191, 3222, 3223, 3224 and 3228.
La.C.C.P. art. 3182 provides that the court may remove any succession representative who ... has mismanaged the estate, (or) has failed to perform any duty *1374 imposed by law or by order of court.... (Emphasis added.)
"Mismanage" has been determined to mean "to manage badly, improperly or unskillfully" and "connotes the commission of an act or the omission of a duty which redounds to the detriment of the estate. Succession of Houssiere, 247 La. 764, 174 So.2d 521, 524-525 (1965). The court also established that even when mismanagement is shown, the trial judge may or may not remove the executor, since La.C.C.P. art. 3182 unquestionably vests in him the exercise of sound discretion, but that the power to remove only comes into existence when there is convincing evidence of an act or acts of mismanagement. 174 So.2d 525.
The trial court found that Mrs. Crain had filed the accountings and descriptive list, even though late, and that she had not mismanaged the estate. The court further recognized that her failure to perform legal duties imposed on her as the succession representative resulted from inadequate legal advice. The court did not find any instances of waste, fraud or misconduct.
After reviewing the record and carefully examining each allegation of misconduct, we find that the trial court has not abused its discretion. The court's finding that appellee should not be removed from her position as executrix is not manifestly erroneous.
For the above reasons, the decision of the trial court is affirmed at appellant's cost.
AFFIRMED.
WATKINS, J., concurs.