KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in (1) *770 failing to permit the plaintiff to file an amended petition; (2) not ordering a jury trial; (3) not granting the plaintiff a continuance; and (4) failing to award adequate damages after a bench trial on the merits.
Clifton B. Paul (hereinafter referred to as plaintiff) brought suit against Exodus Murray and Vemell Thomas (hereinafter referred to as defendants), seeking recovery for damages that he sustained when the truck he was driving collided with a cow on the highway. Trial on the merits was held and judgment for damages of $4,592.25 was awarded in favor of plaintiff and against defendants. Plaintiff appeals from the trial court judgment in his favor, complaining about the pre-trial actions of the trial judge and of an inadequate award of damages for his personal injuries. We affirm.
FACTS
On October 6, 1982, at about 10:30 o’clock P.M., plaintiff was driving his pickup truck in a westerly direction along U.S. Highway 84 in Concordia Parish, Louisiana, between Vidalia and Ferriday, Louisiana, when he struck a cow which had wandered onto the highway. The cow that plaintiff struck was owned by defendant, Thomas, and had escaped, along with several other cows, from property owned by defendant, Murray, when the cows pushed down a barbed-wire fence. Murray’s property adjoined property belonging to Thomas’ uncle, and two cows belonging to Thomas, one of which was involved in the accident, were allowed by Murray to range on Murray’s property. At the time of the accident, plaintiff was returning home from work in Natchez, Mississippi and had two passengers in his truck, neither of whom were injured.
On June 20, 1983, plaintiff filed suit against defendants, seeking recovery for damages that he allegedly sustained as a result of the collision with the cow. In his petition, plaintiff prayed for damages in the amount of $79,732.75, and stated that he incurred the following injuries as a result of the accident.
“A. Myoligamentous strain, involving the sacroiliac ligaments and lumbo-sacral joint;
B. Traumatic involvement of the vertebrae, intervertebral discs, nerves, ligaments, and soft tissues of the entire spine;
C. Associated abrasions, contusions, lacerations and bruises about the body aggravating, precipitating, and exacerbating dormant and latent conditions;
D. Other injuries not known to petitioner at this time.”
Thomas filed a third party demand against Murray, alleging that Murray was negligent in failing to keep the cows off of the highway.
On August 13, 1984, on motion of Murray, a trial of the matter on the merits was fixed for October 29, 1984, which was over two years after the accident. Shortly before the scheduled trial date plaintiff’s attorney mailed to the trial judge a letter, dated October 22, 1984, requesting that plaintiff be allowed to file an amended petition, which was enclosed with the letter, based on “additional objective physical problems that have come to light,” and also requesting that the trial be by jury. In the amended petition, plaintiff increased his demand for damages to $625,732.75, and added the following claimed injuries to those stated in the original petition:
“A. Probable bulging disc at multiple levels in the lumbar and sacral regions of the spine;
B. Nerve root irritation of the spinal nerves at L-3/4, L-4/5, L5/S-1 and other levels of the lumbosacral level of the spine, all of which will necessitate surgery.”
The trial judge did not sign the order allowing the filing of the amended petition seeking additional damages and a trial by jury.
The trial was held on October 29,1984 as scheduled. As the trial judge had refused to grant the request for a jury trial, plaintiff’s attorney made no objection at the time of the scheduled trial except to say *771 that plaintiff “would reserve [his] rights to maintain [his] posture in that regard.” Also, on the day of trial, plaintiff re-tendered the amended petition to the trial judge and sought an order to permit its filing, and also tendered a motion for a continuance. The trial judge did not grant the order which would permit plaintiff to file the amended petition, but the amended petition was included in the record as a proffer. The trial judge denied plaintiffs motion for a continuance with respect to the issue of liability, but reserved plaintiff the right to re-urge a motion for a continuance in regard tp the issue of damages if plaintiff felt that it was necessary after presentation of evidence.
At the end of the trial, plaintiffs attorney renewed his request for a continuance in regard to the issue of damages, requesting additional time to secure the depositions of two doctors, Dr. Domingue and Dr. Revett, and also to have “additional workup” performed if necessary. The trial judge granted plaintiffs motion to hold the note of evidence open and allowed plaintiff sixty days to obtain and file into the record the depositions of the two doctors, and allowed an additional thirty days for defendants to take additional depositions if they chose to do so. All of the parties agreed to this order, including plaintiff.
On January 4, 1985, after the passage of the sixty day period that had been granted to plaintiff to secure the additional medical information, the trial judge ordered the note of evidence closed. Plaintiff failed to introduce any additional evidence before the record was closed. The trial court granted judgment, which was signed on March 20, 1985, in favor of plaintiff and against defendants, jointly and in solido, in the amount of $4,592.25 plus legal interest and costs. Judgment was further rendered on the third party demand in favor of Murray and against Thomas, rejecting Thomas’ third party demand against Murray. No appeal has been taken from this judgment so it is now final.
Plaintiff has devolutively appealed the trial court judgment, and contends that the trial court erred in (1) failing to permit him to file the amended petition; (2) not ordering a jury trial; (3) not granting him a continuance; and (4) failing to award him adequate damages.
REQUEST TO FILE AMENDED PETITION
In his first specification of error, plaintiff contends on appeal that the trial court erred in not allowing him to file the amended petition. In his amended petition, which the trial judge refused to sign, plaintiff alleged newly discovered injuries, attempted to increase the amount of damages sought, and attempted to request a trial by jury. The record does not indicate when the trial judge received plaintiffs amended petition, but plaintiff did not even mail the amended petition to the trial judge until October 22, 1984, seven days before the scheduled trial date.
LSA-C.C.P. Art. 1151 provides in pertinent part:
“A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the •petition and answer may be amended only by leave of court or by written consent of the adverse party.” (Emphasis added.)
In this case, there was no written consent given by the defendants to allow plaintiff to amend his petition. Under Louisiana jurisprudence and LSA-C.C.P. Art. 1151, it is within the sound discretion of the trial court to accept or refuse an amendment to the petition after an answer has been filed. CDT, Inc. v. Greener & Sumner Architects, 453 So.2d 1252 (La.App. 3rd Cir. 1984); Broussard v. Breaux, 412 So.2d 176 (La.App. 3rd Cir.1982), writ den., 416 So.2d 115 (La.1982). This Court will not disturb the orderly process of the trial court unless there exists an abuse of discretion. CDT, Inc. v. Greener & Sumner Architects, su *772 pra; White v. Cumis Ins. Soc., 415 So.2d 574 (La.App. 3rd Cir.1982), writ den., 420 So.2d 164 (La.1982).
The trial judge apparently decided that the original petition was broad enough to cover and encompass the additional injuries alleged in plaintiffs proferred amended petition. This decision is reasonable in light of the fact that the original petition included a claim for “[ojther injuries not known to petitioner at this time.”
Additionally, the trial judge specifically stated at the time of trial that he would allow plaintiff to file the amended petition insofar as it related to the increase in the amount of damages if he later decided to allow plaintiff to secure and produce additional evidence. Since the trial judge did, as previously mentioned, grant plaintiff additional time after the day of the trial to secure more evidence, and would therefore have allowed plaintiff to file the amended petition insofar as it related to the claimed increase in damages, we find no merit to plaintiff’s contention that the trial judge erred in not allowing him to file the amended petition before the scheduled trial.
REQUEST FOR JURY TRIAL
In his second specification of error, plaintiff also contends that the trial court erred in not ordering a jury trial, which he requested in the proffered amended petition. LSA-C.C.P. Art. 1733(C) provides:
“The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.”
Plaintiff’s request for a jury trial, which was made less than one week before the scheduled trial date at the earliest, came well after the applicable time period for requesting a jury trial. The trial judge stated that under these circumstances, an order for trial by jury would be improper. We agree, as a grant of the requested jury trial would have retarded the scheduled trial of the matter. Barberito v. Green, 275 So.2d 407 (La.1973), cited by plaintiff in support of his position that the trial judge erred in not ordering a jury trial, is inappo-site since in that case the motion for a jury trial was filed within ten days of an answer filed in response to an amended petition. Accordingly, we conclude that the trial judge did not abuse his discretion in failing to order a jury trial.
CONTINUANCE
In his third specification of error, plaintiff contends that the trial judge erred in not granting him a continuance, which he requested on the day of trial. However, in his appellate brief, plaintiff has failed to state how or why the trial court allegedly erred in not granting the continuance.
The trial judge in effect bifurcated the trial, trying the issue of liability on the scheduled day of trial, but reserving plaintiff’s right to present additional evidence as to the issue of damages. Defendants have not appealed the trial court judgment, so the issue of liability is now final. The trial judge did in fact grant plaintiff additional time in which to depose two doctors, and plaintiff agreed to this arrangement, but simply did not take advantage of it. For this reason we do not find that plaintiff’s contention that the trial court erred in not granting his request for a continuance has merit.
DAMAGE AWARD
In his final specification of error, plaintiff contends that the trial court erred in failing to award him adequate damages for his injuries. Plaintiff and defendants stipulated at trial that the damage to plaintiff’s truck was in the amount of $3,092.25. The trial judge awarded plaintiff $3,092.25 for the damage to his truck, and also $1,500.00 as damages for personal injury.
State Trooper Jack Daughtry, who investigated the accident, testified that on the night of the accident, plaintiff told him that he was not injured. Plaintiff did not visit a doctor until November 19, 1982, approximately six weeks after the accident when he visited Dr. I.C. Turnley, who diagnosed *773 plaintiff as suffering from strained muscles in his lower back, and possibly strained ligaments as well. Dr. Turnley prescribed some medicine for plaintiff, apparently for pain, and advised plaintiff not to work for one or two weeks.
As noted by the trial judge in his written reasons for judgment, plaintiff sought no additional medical attention until September, 1984 when he visited the office of Dr. Thomas LaBorde, a specialist in the field of Physical Medicine and Rehabilitation, after this visit was arranged by his attorney. A thermogram was performed on plaintiff at that time. Dr. LaBorde interpreted the thermogram, and testified in a deposition that the thermogram revealed possible nerve root irritation at the L5-S1 level, and possibly also at the L3-L4 level. Dr. La-Borde referred plaintiff to Dr. Bob Revett, a neurosurgeon. Dr. Revett did not examine plaintiff, but simply referred him to another doctor, Dr. Domingue. As previously mentioned, plaintiff did not submit the depositions of either Dr. Domingue or Dr. Revett into evidence, despite the trial judge’s granting him additional time to do so.
In his written reasons for judgment, the trial judge stated:
“In summary, the record in this case indicates to me that Plaintiff suffered no substantial injury. However, the uncontested facts show that he was involved in a substantial collision with the cow. The damage to his truck would also indicate that he was shaken up to some extent, although he testified that he did not notice the pain in his lower back until some time after the accident, and then only after he had done a hard days work on an oil rig. Neither of the passengers in the pickup truck at the time of the collision testified in the case. Nevertheless, in spite of specific lack of evidence with respect to the injury, and because there was an accident which no doubt caused Plaintiff to suffer some trauma on his body, the Court will award the sum of $1,500.00 as damages for personal injury.”
It is well established that before a court of appeal can disturb an award of damages made by the trial court, the record must clearly reveal that the trier of fact abused its discretion in making the damage award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Sikes v. McLean Trucking Co., 383 So.2d 111 (La.App. 3rd Cir.1980); Browning v. Commercial Union Ins. Co., 476 So.2d 559 (La.App. 3rd Cir.1985). In this case, we find no abuse of discretion in the trial court’s award of damages, and therefore find that the trial court did not err by awarding an inadequate amount of damages.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.