KLIEBERT, Judge.
Plaintiff Frank Orlando appeals the denial of his motion to remove defendant Antoinette Orlando Santangelo from her position of dative testamentary executrix of their parents’ successions. Orlando contends removal is warranted because Antoinette mismanaged the estates and has failed to perform duties imposed by law and/or by order of the court. We find no merit in Orlando’s contentions. Accordingly, the decision of the trial court is affirmed.
Charles Orlando died in 1973 and his wife, Josephine Barbara Orlando, died in 1977. The decedents had three forced heirs; namely, their children, Vincent, Frank and Antoinette (Santangelo). Following their father’s death, Frank and Vincent were recognized and confirmed as co-executors of their father’s succession. Subsequently, Vincent resigned, and his mother was appointed dative testamentary co-executrix in his place. Upon Mrs. Orlando’s death, Antoinette was appointed dative testamentary executrix of her mother’s succession and dative testamentary co-executrix of her father’s succession (the position formerly held by her mother)..
After the succession proceedings were consolidated, Frank Orlando was removed as co-executor of his father’s succession.[1] Thus, Antoinette became the sole fiduciary representative of her mother and father’s successions.
Frank Orlando filed rules on May 2, 1986, March 9, 1987 and July 27, 1987 to remove Antoinette as the fiduciary representative of the consolidated successions for failure to post a bond, mismanagement, and failure to preserve the succession properties. During a scheduled hearing on the rules, Judge Tiemann recused himself and the case was reassigned to Judge Collins. Pursuant to a stipulation of counsel for the litigants, Judge Collins, based on the transcript of the testimony taken before Judge Tiemann, dismissed the rules against Antoinette, stating that he found no basis for removing her as the fiduciary representative.
A succession representative who is not disqualified under the provisions of La. C.C.P. Article 3097 may be removed from office only for one of the reasons enumerated in La.C.C.P. Article 3182 or for the breach of the fiduciary duty imposed by La.C.C.P. Article 3191. Succession of Dunham, 408 So.2d 888 (La.1981); Succession of Orlando, 442 So.2d 501 (5th Cir. 1983) writ denied, 446 So.2d 1227 (La.1984). La.C.C.P. Articles 3182 and 3191 provide, respectively, in part:
*548 “The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court ...”
“A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure to so act.”
“Mismanaged” as contemplated by Article 3182 has been jurisprudentially defined to mean “to manage badly, improperly, or unskillfully ... an act or omission which redounds to the detriment of the estate.” Succession of Houssiere, 174 So.2d 521 (La.1965); Succession of Crain, 450 So.2d 1372 (1st Cir.1984).
On appeal Frank continues to urge the removal of Antoinette on the grounds she (1) allowed her bond to lapse and refused to renew it, (2) mismanaged the estate by (a) charging 10% of gross rentals as a real estate management fee in violation of Code of Civil Procedure Article 3351 and without obtaining court approval for same, (b) failing to repair and maintain rental properties and thereby causing the succession to lose rental revenues, (c) failing to account for $1,295.00 in rental revenues, and (3) failed to perform duties imposed by law and by order of the court by (a) encumbering succession property with a mortgage to secure a loan without court authority, and (b) paying off the loan in violation of a specific order of payment of succession debts prescribed by the court. In the trial court and on appeal Antoinette opposed the rule to remove on the grounds that:
1. An accounting of receipts and disbursements were filed in the estate proceedings almost every six (6) months.
2. The Federal Estate Tax Return was filed in the estate of Charles C. Orlando.
3. The State Inheritance Tax Returns were filed in both estate proceedings.
4. During her administration, a Judgment against the Succession of Charles Orlando in favor of First National Bank of Jefferson in the sum of $75,000.00 was paid.
5. She cooperated with the attorney for the estates and the surveyor to prepare surveys for the remainder properties in cooperation with the Judgment of June 20, 1981.
6. She cooperated with the attorney for the estates to present the plan of subdivision to the Parish Council for approval, in cooperation with the Orders of Court by Judgment dated January 28, 1986.
7. She cooperated with the attorney for the estates and the surveyor to prepare a survey of remainder properties for exposure on the real estate market.
8. All liabilities and debts of the succession had been paid, except for surveyor fees and fees due the attorney for the estates.
9. She was currently attempting to sell at private sale all remaining properties of the estates.
We consider first the contention Antoinette was disqualified to act as succession representative because she failed to post security and/or allowed posted security to lapse, in violation of La.C.C.P. Articles 3151 and 3153. These articles require a dative testamentary executrix to furnish security for the faithful performance of her duties in an amount exceeding by one-fourth the value of the succession property, unless the court reduces the amount of this security. The record reflects that in 1977, on order of the district court, Antoinette furnished a $10,000.00 bond securing the performance of her duties as executrix of her father’s succession. The bond does not contain an expiration date. When she was appointed executrix of her mother’s succession the court ordered that the previously posted security applied to the consolidated successions. Thus, the record before us reflects compliance with all court orders *549 relating to posting security. Further, the mere failure to furnish security does not mandate the revocation of an appointment as succession representative because the court can grant time for the representative to post the required security. Succession of Montgomery, 452 So.2d 297 (2nd Cir. 1984); Succession of Mangle, 452 So.2d 197 (3rd Cir.1984). If in fact the bond has lapsed, Frank’s remedy is to ask the district court judge to order her to post the security and upon her failure to do so within a specified time to remove her from the office.
We now turn to the contention Antoinette “mismanaged” the estates and consider first the contention she violated the provisions of La.C.C.P. Article 3351, which provides:
An executor shall be allowed as compensation for his services such reasonable amount as is provided in the testament in which he is appointed. An administrator for his services in administering a succession shall be allowed such reasonable amount as is provided by the agreement between the administrator and the surviving spouse, and all competent heirs or legatees of the deceased.
In the absence of a provision in the testament or an agreement between the parties, the administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession. The court may increase the compensation upon a proper showing that the usual commission is inadequate.
A provisional administrator or an administrator of a vacant succession shall be allowed fair and reasonable compensation by the court for his services.
The compensation of a succession representative shall be due upon the homolo-gation of his final account. The court may allow an administrator or executor an advance upon his compensation at any time during the administration.
Antoinette retained ten percent of monthly rents from succession properties as a real estate management fee. She testified that she was advised by one of the district judges originally assigned to the case that since a property management firm would charge a 10% property management fee, she could do so. The record reflects that Antoinette (with the assistance of her son) collected all rents, tended to repairs, dealt with the tenants and, in general, handled all of the problems of managing the rental properties. We know of no bar to an executrix receiving, apart from an executrix fee, additional compensation for services above and beyond the executor’s normal services and responsibilities. See Succession of True, 410 So.2d 301 (4th Cir.1982) writ denied, 413 So.2d 505 (La.1982). Moreover, even if the “management fee” is considered a succession administration fee, under the provisions of La.C.C.P. Article 3351, on the proper showing the judge can set an executrix fee in excess of 2¾⅛% of the inventory value. Orlando’s remedy, if any he has, is to oppose the payment of the fee by opposition to the account.
As to Frank’s contention she failed to maintain the apartments and thus lost rental revenues, Antoinette testified she maintained the apartments which had tenants but did not borrow funds to renovate empty apartments which had been vandalized because they were outdated, and difficult, if not impossible, to rent. She further explained that a portion of the alleged “missing” rents had in fact not been collected because a family member living in the unit couldn’t pay it. The trial court concluded this evidence of “mismanagement” was not so compelling as to warrant Antoinette’s removal. This decision with within the court’s sound discretion and we discern no reason to disturb it. See Houssiere, supra; Crane, supra.
Finally, we consider the contention that Antoinette failed to perform duties imposed by law and by order of the court in that she encumbered succession property without prior court approval and disregarded an order of the court regarding the disposition of proceeds from the sale of succession property.
*550 Antoinette testified she borrowed $40,-000.00 from Whitney National Bank on behalf of the successions in 1979 and “probably” mortgaged succession property as security for the loan. She used the funds to renovate succession rental properties and retired the debt upon the sale of succession properties. She did not have prior court approval to borrow money on behalf of or encumber succession property, as required by La.C.C.P. Article 3228. The record indicates her failure to obtain prior approval may have been the result of inadequate legal advice in that the attorney representing her apparently approved the transaction without telling her court approval was necessary. Hence, these deficiencies should not be charged against Antoinette. See Succession of Crain, supra. Moreover, her actions actually enured to the benefit of the successions.
By judgment dated February 22, 1985, the court ordered that Antoinette disperse funds from the sale of succession property in the following manner:
1) Judgment in favor of FNJ for $75,-000.00;
2) Attorney fees due Patrick Carr and Walter Kollin;
3) Court costs and appraisal costs;
4) Inheritance taxes, if due.
Antoinette testified that she paid all the debts the court ordered her to pay and, in addition, paid off the loan with Whitney Bank. Orlando offered no evidence to the contrary. Antoinette did not, as alleged by Orlando, violate a court order regarding the payment of succession debts. Hence, Orlando’s contention is without merit.
In closing, we note that review of the case was made difficult because the hearing in the trial court was not completed. Moreover, exhibits utilized by Orlando were not introduced into evidence or made part of the appellate record. After examining Orlando’s allegations in light of the record evidence and the prior history of this case, we find no manifest error in the trial court’s finding that no reasons exist for the removal of Antoinette as executrix of the successions.
For the foregoing reasons, the decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. See Succession of Orlando, 442 So.2d 501 (5th Cir.1983), writ denied, 446 So.2d 1227 (La.1984).