h GASKINS, Judge.
In this suit arising from a minor auto collision, plaintiff Quamale L. Dennis complains that the general damages of $1,000 awarded to her by the trial court were inadequate. We affirm the trial court judgment.
FACTS
On September 24, 1999, the plaintiff was a front-seat passenger in a car driven by Dontrell Broadway, her cousin, and owned by Isiah Turner. Allstate Insurance Company was the insurer of the Turner vehicle. The plaintiff was injured as a result of Mr. Broadway’s negligence in causing a collision with another vehicle in Monroe.
In May 2000, the plaintiff filed suit against Mr. Broadway, Mr. Turner and Allstate. Mr. Turner and his insurer filed an answer. Mr. Broadway was apparently not served.
On February 22, 2001, the plaintiff filed a witness list which included Dr. Paul Nelson as an expert in economics. (He was not listed in the joint pre-trial statement filed on January 8, 2001.) On March 9, 2001, the defendants filed a motion in li-mine to exclude his testimony. According *944 to the plaintiffs response to an interrogatory, Dr. Nelson was to testify about “factoring in inflation to previous awards of general damages affirmed or fixed by the Appellate Courts of Louisiana, so that evidence can be submitted as to the present dollar value of the same.”
The matter was submitted on stipulations and exhibits on or about May 17, 2001. The parties stipulated that the accident was caused by the sole negligence of Mr. Broadway. The plaintiff offered no opposition to the defendants’ motion for directed verdict as to the claim against Mr. Turner. | ¿The record contains the plaintiffs deposition in which she recounted that the collision impact was on the driver’s side of the vehicle in which she was a front-seat passenger. She began having lower back pains the next morning. On September 29, 1999, she saw her family doctor, Dr. J.D. Patterson, who diagnosed lumbar muscular strain and prescribed Darvocet. Due to her back pain, she missed about four days of work. She testified that the back pain completely resolved in two to three months. The parties also stipulated that Dr. Patterson treated the plaintiff for the injuries sustained in the accident and submitted his medical report and bills in lieu of his testimony. They also stipulated that no judgment in excess of $10,000 be awarded.
The parties further acknowledged that the trial court would grant the defendants’ motion in limine as to Dr. Nelson. The plaintiff proffered his report and its accompanying documents as his testimony. In his report on the inflation-adjusted value of whiplash awards, Dr. Nelson considered the application of inflation to awards set forth in Cassreino v. Brown, 144 So.2d 608 (La.App. 4th Cir.1962), and opined that an award of $750 to $1,000 for moderate or slight pain then would have a present dollar value of $4,320 to $8,640.
A directed verdict was entered in favor of Mr. Turner. In the judgment against Allstate, the trial court awarded plaintiff special damages of $304 for lost wages and medical expenses. As to the plaintiffs lumbar muscle strain, general damages of $1,000 were awarded. The court found that the plaintiff suffered “back pain for three or four days a week for about |ssix weeks and then once a week for about two weeks and then once every two weeks for about a month.”
The plaintiff appealed.
MOTION IN LIMINE
A reviewing court must defer to a trial judge’s reasonable decision on a question or matter properly within his discretion. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Harwell v. Haspel-Kansas Investments Partnership, 598 So.2d 1284 (La.App. 4th Cir.1992). In matters of discovery, such as whether a witness has been listed in a timely manner, decisions of the trial court should not be disturbed in the absence of an abuse of discretion. Franklin v. Harvill, 406 So.2d 696 (La.App. 2nd Cir.1981); Harwell v. Haspel-Kansas Investments Partnership, supra.
The trial court’s decision to disallow the testimony of the plaintiffs economist was well within its discretion. The economist was not listed as a witness in the joint pre-trial statement. Furthermore, his testimony was of little or no value to the trial court. His report concerned awards for whiplash injuries, whereas the present plaintiff complained of back pain. Additionally, given the wealth of quantum-related jurisprudence over the past four decades, the economist’s review *945 of awards set forth in a 40 year old case was of no assistance to the trial court.[1]
|4We find no abuse in the trial court’s decision to grant the defendants’ motion in limine.
GENERAL DAMAGES
General damages are those which may not be fixed with pecuniary exactitude; instead, they “involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be definitively measured in monetary terms.” Keeth v. State Through Dept. of Public Safety and Transp., 618 So.2d 1154 (La.App. 2d Cir. 1993), appeal dismissed, 619 So.2d 563 (La.1993). Vast discretion is accorded the trier of fact in fixing general damage awards. La. C.C. art. 2324.1; Duncan v. Kansas City Southern Railway Co., 2000-0066 (La.10/30/00), 773 So.2d 670, cert. dismissed, 532 U.S. 992, 121 S.Ct. 1651, 149 L.Ed.2d 508, 69 USLW 3619 (2001). This vast discretion is such that an appellate court should rarely disturb an award of general damages. Yoim v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, supra. The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. Duncan, supra. Only after a determination that the trier of fact has abused its “much discretion” is a resort to prior awards appropriate, and then only for the purpose of determining the highest or lowest point which |Ris reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The plaintiffs injury was minimal. She missed work for four days and sought medical attention only once. The injury was relatively slight, causing only intermittent discomfort, and resolved swiftly. Based upon our review of the record, we cannot say that the trial court abused its vast discretion in awarding damages of $1,000 for this very minor soft tissue injury.
CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.

. We also note that the 1962 Cassreino case, with its overemphasis on uniformity of awards, was disapproved of by the Louisiana Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and specifically overruled in Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71 (1964).