ELLIS, Judge:
This is a damage suit filed by Bennet Berard against Dr. Ernest Youngue and others. Attorneys for plaintiff are J. Minos Simon and Ronald E. Dauterive. Attached to the petition are nine interrogatories. Interrogatory No. 1 reads as follows :
“State the name of all insurance companies, corporations or organizations which had in force and in effect insurance payable to you or on your behalf for legal liabilities incurred on February 15, 1969. Included should be the name and address of the company or organization, the limits of liability and the effective dates of the policy. Your answer should also include any excess insurance coverage.”
The answer to Interrogatory No. 1 is as follows:
“Allstate Insurance Company and American Employers Insurance Company each have one liability insurance policy in force and effect as of February 15, 1969. The further information requested in Interrogatory No. 1 is unknown to Dr. Ernest Youngue, however, counsel for defendants will show certified copies of both referred to insurance policies to plaintiff’s counsel upon request.”
Interrogatories Nos. 4 through 8 inclusive were objected to, and not otherwise answered.
Thereafter, plaintiff filed a motion to compel answer to interrogatories and in addition asked for expenses and attorneys’ fees as provided by law. An answer was filed to that motion, denying the inadequacy of the answers, and asking for expenses and attorneys’ fees on the ground that the motion to compel the answers was without substantial justification. After a hearing, the trial court' denied the motion, found that it was filed without substantial justification, and condemned counsel for the mover, Ronald E. Dauterive, to pay to Dr. Ernest Youngue reasonable expenses, including reasonable attorneys’ fees, in the amount of $250.00.
In response to an application to this court, an alternative writ of mandamus issued, ordering the trial judge to recall the above order only insofar as it pertained to Interrogatory No. 1, and to reconsider the award of attorneys’ fees. Pursuant to the alternative writ, the trial judge ordered the defendant either to fully answer the interrogatory or to deliver certified copies of the policies to plaintiff. After reconsidering the award of expenses, including attorneys’ fees, the court was of the opinion that it was legally proper, because the motion to compel answers to the various interrogatories was made without substantial justification. Judgment was signed accordingly on May 20, 1970, and a new trial was denied on May 25, 1970. Thereafter, Ronald E. Dauterive appealed to this court.
Defendant has answered the appeal, and asks for an increase in the attorneys’ fees and expenses to the sum of $1,250.00.
Since the only appellant herein is Ronald E. Dauterive, the only question to be considered is the propriety of the award of expenses and attorneys’ fees against him.
Article 1511 of the Code of Civil Procedure provides that expenses and attorneys’ fees can be awarded to the party refusing to answer only if (1) the motion to compel answers is denied, and (2) the motion was made without substantial justification.
*689 In this case, the motion was granted insofar as it related to Interrogatory No. 1. We think it immaterial that it was found to be without substantial justification as to the other interrogatories. The answer to Interrogatory No. 1 was within the knowledge of defendants, and plaintiffs were entitled to a full answer.
Since the motion to compel answers was not denied, we find that the trial judge was without authority to assess expenses and attorneys’ fees against plaintiff’s counsel.
We cannot consider the request for an award of expenses and attorneys’ fees against defendant, which is urged by appellant on this appeal. Under the terms of Article 1511, the examining party might be entitled to such an award, but not his attorney. The attorney is the only appellant herein, and the judgment is final as to his client.
The judgment appealed from is reversed, insofar as it awards attorneys’ fees and expenses against appellant Ronald E. Dau-terive, and there will be judgment herein in his favor and against Dr. Ernest Youngue, dismissing the prayer for expenses and attorneys’ fees at Dr. Youngue’s cost.
Reversed and rendered.