SCHOTT, Judge.
This is before us on our own motion to show cause why this appeal should not be dismissed. The judgment on appeal ordered defendant, Bel Builders, Inc. to pay plaintiffs and their attorney $250 and costs for Bel’s failure to answer interrogatories.
In Speeg v. Stewart Title Guaranty Co., 381 So.2d 582 (La.App. 4th Cir. 1980) we held that such a judgment is interlocutory and unappealable.
Bel argues that this case should be governed by the same principle applied in Berrard v. American Employers Insurance Company, 246 So.2d 687 (La.App. 1st Cir. 1971) in which counsel for plaintiff was cast for attorney’s fees in favor of defendants because of his failure to cooperate in discovery proceedings. Because the judgment was not against a litigant and counsel alone was appealing from the judgment holding him responsible for the penalties the court held that it was a .final judgment as distinguished from the line of jurisprudence holding that such judgment against a party is interlocutory. Bel argues that since the judgment herein is in favor of both plaintiff and his attorney the same reasoning as in the Berard case should apply.
We disagree. The Berard case is inapplicable since the party cast in judgment here is a litigant. Inclusion of attorney for plaintiff with the plaintiff as a party in whose favor the judgment runs does not distinguish the case from Speeg and the cases on which that decision was based.
Accordingly, this appeal is now dismissed at the cost of Bel Builders, Inc.
APPEAL DISMISSED.
REDMANN, J., concurring.