406 So.2d 696 (1981)
Willie FRANKLIN, Plaintiff-Appellant,
v.
Kennon HARVILL, et al., Defendants-Appellees.
M. Kennon HARVILL, et al., Plaintiffs-Appellees,
v.
Willie FRANKLIN, Defendant-Appellant.
Nos. 14698, 14699.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1981.
Rehearing Denied December 10, 1981.
*697 Louis Berry, Vanue B. Lacour, Baton Rouge, for Willie Franklin.
Norman R. Gordon, Jack M. Bailey, Jr., Shreveport, M. F. Rick Fayard, Jr., Bossier City, R. Perry Pringle, Shreveport, for M. Kennon Harvill, Rick Fayard and Norman Gordon.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied December 10, 1981.
MARVIN, Judge.
Three defendants in rule, a lawyer, his client, and a potential witness for that client, appeal a judgment that cast them in solido for expenses, including attorney fees incurred by the adverse parties in two interrelated lawsuits because of the failure of these three to attend depositions to which they had been notified and subpoenaed to attend. CCP 1473.
We noticed Speeg v. Stewart Title Guaranty Co., 381 So.2d 582 (La.App. 4th Cir. 1980), writ refused, and Delk v. Bel Builders, Inc., 404 So.2d 527 (La.App. 4th Cir. 1981) which held that a judgment against a litigant for expenses caused by the failure of that litigant to respond to the discovery process is not an appealable judgment. We follow Berard v. American Employers Insurance Company, 246 So.2d 687 (La.App. 1st Cir. 1971), which was distinguished in Speeg and Delk, and hold that a judgment against an attorney for the expenses caused by his failure to respond to discovery is an appealable judgment. Since *698 the judgment is appealable by the attorney, we review the judgment also against the other defendants in the interest of judicial efficiency. CCP 2164.
The appellant-client of the attorney and the appellant-potential witness of that client failed to respond to discovery solely upon the advice of the appellant attorney and we amend to delete them from the judgment. Allen v. Smith, 390 So.2d 1300 (La.1980). We affirm the judgment against the appellant-attorney.
At the time the appellants were notified and subpoenaed in mid-December 1980 to attend the depositions scheduled February 2, 4, and 6, 1981, there were three lawsuits pending. Various motions and exceptions were pending in these unconsolidated but related actions. After February 2, 1981, and before the hearing on the rule against appellants for expenses, the second-filed action was dismissed. In that particular action, the appellant attorney [belatedly?] filed a motion for a protective order, or more properly, a suspensive order, on February 2, 1981, on the grounds that motions and exceptions were pending in the first and third suits, that the adverse counsel had not made effort to "agree upon and fix a convenient time for the taking of said depositions," and that the appellant attorney would be required to travel from Baton Rouge to Bossier Parish and remain there for five days to attend the taking of the depositions, and would be caused "annoyance... and undue burden and expense."
The appellant attorney did not file with the motion above mentioned any order or rule to show cause, but simply prayed for a protective order to suspend the "... depositions until such time as the pending motions can be decided and to require the rescheduling of the depositions ... to eliminate the annoyance ... undue burden and expense."
In appellant-attorney's letter dated January 29, 1981, received on February 2, 1981, by the addressee-attorney who scheduled the depositions, the appellant attorney stated:
"I regret that you have rejected my request to reschedule the ... depositions... so as to eliminate the difficulties as set forth in the enclosed copy of the Motion for a protective order which I am filing. Please understand that it is [our] position that the taking of the depositions on February 2, 4, and 6 are suspended by the pendency of the already existing Motions and by the filing of this Motion ... and accordingly will not appear ... as scheduled ... on February 2, 4, and 6."
Appellants contend on appeal that the combining of the notice of the depositions in the three suits was erroneous and was prejudicial to them, that the pendency of motions suspended the taking of depositions, and that adverse counsel was in "bad faith" in scheduling depositions on successive alternate days and in attempting to burden and harass appellant.
The broad issue is whether the trial court has abused its discretion in applying the discovery articles of the Code of Civil Procedure. In the absence of a showing of manifest error constituting a clear abuse of discretion, the judgment of the trial court, in discovery matters, will be upheld. See Vallery v. Olin Corp., 337 So.2d 631 (La. App.3d Cir. 1976); Dawson v. Lindsey, 143 So.2d 150 (La.App. 1st Cir. 1962).
We do not find that appellants were prejudiced in any way by the captioning of the discovery pleadings with the respective titles and the docket numbers of the three pending actions. The appellant attorney understood, as we now understand, that the three cases were not consolidated and that adverse counsel was scheduling discovery in each of the three cases with the appellant witness scheduled on February 2, the appellant lawyer on February 4, and the appellant client of that lawyer, on February 6. The appellant attorney did not object to the form of the discovery pleadings or to the fact that the three cases had not been consolidated and his motion for a protective order was filed only in one case. Appellant attorney cites no authority in support of his contention of prejudice and we find none.
*699 The trial court correctly ruled that either or both the good faith of one counsel and the bad faith of the other were not an issue under the circumstances of this case, but that the issue was failure to comply with the discovery and whether that failure was substantially justified or that an award of expenses, because of that failure, would be unjust under circumstances. CCP 1473, 1471.
The trial court correctly labeled erroneous, the appellant attorney's contention that the taking of depositions was suspended by the pendency of the already existing motions and exceptions and by the filing of the motion for a protective order. Appellant attorney's reliance on Viator v. Sonnier, 355 So.2d 1091 (La.App.3d Cir. 1978), is misplaced because that case involved an order under the discovery process which, among other things, ordered a postponement in surgery scheduled by a plaintiff, ordered that the defendant would be allowed to have observers present and to photograph the eventual surgery, and stated the sanction to be imposed in the event plaintiff did not obey the discovery order.
Under the original CCP 1452, a party or person subject to discovery, under some circumstances for good cause, could limit the discovery, upon a motion "reasonably made". Arnold v. United States Rubber Company, 203 So.2d 764 (La.App.3d Cir. 1967). We note that that requirement was not included in Act 574 of 1976 which in part reenacted Chapter 3 of Title III of Book II, CCP, and renumbered some sections of the discovery statutes. Compare CCP 1426.
While CCP 1444 provides that a party or deponent may object during the taking of a deposition to the manner in which the examination is being conducted and cause the examination to be suspended for the time necessary to make a motion for an order limiting in whole or in part the examination, that article does not excuse or relate to sanctions for the failure to appear. CCP 1444 presupposes that the party or deponent has appeared and that the examination is being conducted in bad faith or in [an unreasonable] manner. Compare Brasseaux v. Girouard, 214 So.2d 401 (La.App.3d Cir. 1968). A party or prospective deponent who has been notified and scheduled to appear to be deposed on a given date will not be justified in failing to appear solely by the filing of a motion for a protective order on such grounds as are here asserted. Whether or not the failure to appear is substantially justified, or whether the award is unjust, under CCP 1473, will depend on the circumstances of the individual case.
Under the circumstances shown, the appellant attorney was not substantially justified in failing to appear at the appointed time or in advising other appellants not to appear. These circumstances make the award against the other appellants unjust but do not render the award against the appellant attorney unjust. In assessing the award, the trial court expressed that appellant's failure to appear was somewhat mitigated by the complicated nature of the interrelated lawsuits and that appellees should recover only for the expenses arising out of the February 2 failure and not out of the later failures. Appellants do not argue quantum.
The judgment appealed is amended to delete all names of the defendants cast in judgment except the name of the appellant attorney, and as amended, at appellant's cost, judgment is AFFIRMED.
HALL, Judge, concurring,
I concur in the affirmance of the judgment for expenses against the appellant-attorney for the reasons expressed in the majority opinion. I also concur in the reversal of the judgment against the appellants party and witness for the reasons expressed in the majority opinion, but I believe the appealability of the judgment against them and this court's jurisdiction to grant them relief needs to be addressed more fully.
The majority opinion, citing Berard v. American Employers Insurance Company, 246 So.2d 686 (La.App. 1st Cir. 1970), holds that the judgment against the attorney is *700 appealable, distinguishing cases which hold that a judgment against a party for expenses for failure to appear at a deposition is not appealable. The implication of the majority opinion, citing Speeg v. Stewart Title Guaranty Co., 381 So.2d 582 (La.App. 4th Cir. 1980), writ refused, and Delk v. Bel Builders, Inc., 404 So.2d 527 (La.App. 4th Cir. 1981), is that the judgment against the party to the suit is an unappealable interlocutory judgment. If that is so, then this court has no jurisdiction of the party's appeal and is powerless to grant him the relief he seeks under his appeal. Perhaps it is the intent of the majority opinion to treat his appeal as an application for supervisory writs and to grant him relief under the supervisory jurisdiction of this court, but the majority opinion does not so state. Although the majority opinion seems to treat the judgment against the party and the witness as falling within the Speeg rule, it seems to me the witness is in the same position as the attorney as a nonparty to the suit, and the appeal of the witness would fall within the Berard rule. Additionally, I point out that it is not entirely clear that a witness can be assessed with expenses under Article 1473.
My approach, however, to the jurisdictional issue would be to reexamine the holding of Speeg, Delk, and earlier cases that a judgment against a litigant for expenses caused by the failure of the litigant to respond to the discovery process is not an appealable judgment. The First and Third Circuits reached the same result in the earlier cases of Winslow v. Goodyear Tire & Rubber Co., 359 So.2d 699 (La.App. 1st Cir. 1978); Berard v. American Employers Insurance Company, supra; Roy v. Moity, 225 So.2d 315 (La.App.3d Cir. 1969); Advertiser, Division of Independent, Inc. v. Tubbs, 199 So.2d 426 (La.App.3d Cir. 1967); Anderson v. Southern Consumers Education Found., 196 So.2d 686 (La.App.3d Cir. 1967). In spite of this consistent line of persuasive authority from the First, Third, and Fourth Circuits, I would hold that a money judgment under LSA-C.C.P. Art. 1473 for expenses including attorney fees against a party to the litigation for failure to comply with discovery procedures is a final appealable judgment.
The rationale of most of the cited cases is that such a judgment is an interlocutory order in the course of the litigation and that to allow an appeal from such a judgment would tend to encourage a multiplicity of appeals and retard the progress of the litigation. My view is that a demand for a money judgment for failure to comply with discovery procedures is an entirely separate and distinct demand from the demand on the merits (as is recognized in several of the cited cases) and that a judgment on such a demand is a final, appealable judgment.
The original opinion of Judge Lemmon in the Speeg case, 377 So.2d 589, and the dissenting opinion of Judge Redmann from the decision on reconsideration in the same case, 381 So.2d 582, make good sense. These opinions point out that the claim for and judgment for expenses are entirely separate from the principal demand and an appeal from such a judgment would not retard the progress of the principal demand under LSA-C.C.P. Art. 2088 which provides that the trial court retains jurisdiction to proceed with those matters not reviewable under the appeal.
Presumably such a judgment would become definitive and would be subject to execution without reference to the progress of the main demand or the merits of the lawsuit. Surely then it must be a final, appealable judgment insofar as the claim for expenses is concerned. Surely the party against whom such a judgment is rendered should have the right to suspensively appeal to prevent execution of the judgment prior to review on appeal.
Other judgments for damages, expenses, and attorney fees rendered during the course of ongoing litigation have been considered as final, appealable judgments. It is established in the jurisprudence that a judgment dissolving a writ of attachment or sequestration and awarding damages is a final judgment and is appealable, at least as to that portion of the judgment awarding damages. See Kinchen v. Kinchen, 256 La. *701 28, 235 So.2d 81 (1970); Louisiana Power & Light Company v. Crescent Properties Company, Inc., 267 So.2d 740 (La.App. 4th Cir. 1972); Talley v. Bradley, 177 So.2d 624 (La. App.3d Cir. 1965).
The demand for expenses for failure to comply with discovery procedures is in the nature of an incidental demand under LSA-C.C.P. Art. 1915. Under that article a final judgment may be rendered on the incidental demand separate from the principal demand even though it may not adjudicate all the issues in the case. Such a judgment is appealable and the trial court retains jurisdiction to adjudicate the remaining issues of the case.
My research has not revealed any cases, other than the cases cited above dealing with money judgments for expenses under the discovery articles, where a money judgment under any circumstances is treated other than as a final, appealable judgment.
This court having raised the jurisdictional issue, I would hold that the judgment against all of the appellants, attorney, party and witness, is appealable.
I respectfully concur in the result reached in the majority opinion.