EDWARDS, Judge.
Plaintiffs and their attorney failed to appear for a scheduled deposition of defendant. A motion for sanctions for failure to attend the deposition was then filed by defendant, his counsel, and the court reporter. The trial court found no justification for the failure to appear and ordered plaintiff and his counsel to pay $300.00 each as attorney’s fees and expenses. The court also ordered that plaintiff be precluded from testifying on his own behalf at trial. This is a motion to dismiss an appeal from that judgment.
This court has held that a judgment ordering an attorney, not a party, to pay expenses and attorney’s fees in a discovery matter was appealable. We said:
The nature of the matter before us and the merits of the main demand are separate and distinct in nature. We fail to see how trial of the controversy between plaintiff and defendants can be impeded in the lower court by sustaining this appeal. Neither does it appear that piecemeal trial of the main demand will follow. We believe the trial can proceed below in an orderly and expeditious manner notwithstanding this appeal.
While a party litigant so cast in judgment may obtain relief from imposition of similar penalties upon appellate review of the merits, an attorney so cast has no such certain remedy. The attorney’s legal status in such instances would appear to depend upon the outcome of litigation to which he - is not a party. Berard v. American Employers Insurance Company, 246 So.2d 686, 687 (La.App. 1st Cir.1970).
This case has been followed by the Second Circuit in Franklin v. Harvill, 406 So.2d 696 (La.App. 2d Cir.1981).
The case at bar is similar to these and should be treated in the same manner. Accordingly, this motion to dismiss the appeal is denied. Costs are taxed to the mover.
MOTION DENIED.