580 So.2d 558 (1991)
BARRY W. MILLER, A PROFESSIONAL LAW CORPORATION
v.
Leon S. POIRIER.
No. 90 CA 0439.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
Barry W. Miller, through attorney of record, Barry W. Miller, Robert L. Freeman, Baton Rouge, for plaintiff-appellee.
Robin Poirier, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
*559 WATKINS, Judge.
In its current posture this case presents only one issue for our determination: did defendant's attorney cause pleadings to be filed without "reasonable inquiry" into whether the pleadings were well grounded in fact?
Barry W. Miller, A Professional Law Corporation,[1] (Miller), filed suit on open account to collect fees allegedly due him for legal representation of Leon S. Poirier. The defendant filed an answer including a general denial plus the following two paragraphs:
8. Further answering, respondant (sic) avers that petitioner failed to satisfactorily provide those legal services appropriate under the circumstances, that deficient services were provided and that errors and over sights (sic) occurred which were solely the fault of petitioner, and which have caused defendant to lose litigation advantage in the matters entrusted to petitioner, and further caused defendant to lose significant personal assets in an amount to be specified.
9. Defendant's losses occasioned by plaintiff's lack of care and failure to provide appropriate services exceed substantially the amounts sued upon herein.
Following the filing of defendant's answer, the plaintiff filed a "Motion for Summary Judgment and to Strike Answer." Plaintiff averred that the above quoted paragraphs of defendant's answer were self serving conclusions which did not set forth any specific facts. Furthermore, plaintiff averred that the answer constituted an insufficient defense which was "impertinent and scandalous."
Thereafter defendant filed an amended answer denying plaintiff's entitlement to legal fees on the grounds that plaintiff had failed to earn the fees for want of skill and alleging alternatively that plaintiff's fees were excessive under the circumstances.
On the same date that his amended answer was filed, defendant filed an affidavit in opposition to plaintiff's motion for summary judgment. Defendant admitted that he was "without personal experience or specialized knowledge in legal or bankruptcy practice." Nevertheless, defendant asserted that plaintiff's services were insufficient and did not afford him the legal advantages he would have received from skilled counsel.[2]
Ultimately, the trial court granted summary judgment on plaintiff's original demand for legal fees and denied plaintiff's motion for sanctions against defendant and his attorney. Defendant appealed the judgment in plaintiff's favor, and plaintiff answered the appeal, continuing to pursue a claim for sanctions. By the time the case came up for oral argument, the plaintiff and the defendant had settled.
*560 The crux of plaintiff's remaining argument is that defendant's attorney, W. Paul Anderson, is subject to sanctions under Article 863 of the Louisiana Code of Civil Procedure for the filing of the defendant's answer and affidavit in opposition to the motion for summary judgment. Plaintiff urges that the accusations of malpractice in the affidavit were false and that the defendant and his counsel knew they were false.
Article 863 provides in pertinent part:
[T]he signature of an attorney ... shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....
The factors to be considered in determining whether the attorney has made a reasonable factual inquiry are: the time for and the feasibility of an investigation; reliance on the client; reliance on a forwarding attorney; the complexity of the factual and legal issues, and the need for discovery. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App.2d Cir. 1990).
The Ferrier case involved an employer suing a former employee to enforce a non-compete agreement. Sanctions were imposed under Article 863 for allegations in the plaintiff's petition that highly exaggerated the costs which the plaintiff had incurred for training and advertising. Thus the inaccurate facts concerned plaintiff's own internal financial allocations, which were matters peculiarily within the pleader's control and knowledge. Sanctions were imposed after the merits of plaintiff's claim and defendant's counterclaim were determined.
In the instant case the representation of defendant by plaintiff in bankruptcy court, although a matter of public record in some respects, was replete with factual matters peculiarily within the plaintiff's control. Nevertheless, the defendant was entitled to assert malpractice against plaintiff, which he did in his answer. His attorney testified at the hearing on sanctions that he became more specific in his allegations only when pressed by plaintiff's motion for summary judgment and motion to strike. Mr. Anderson testified as to the time constraints he had, his conferences with his client and the forwarding attorney, and his review of documents. The record of the sanctions hearing amply supports a conclusion that Mr. Anderson made reasonable inquiry concerning the facts included in the pleadings. Viewing his actions in light of the test enunciated in Ferrier, we hold that Mr. Anderson did not violate Article 863.
Furthermore, we need not decide if the allegations in defendant's answer and affidavit were true or false. Indeed, it would be inappropriate for us to make this determination absent a trial on the merits. This case reached us on a summary judgment in favor of plaintiff on his demand on open account. Because the plaintiff and the defendant have settled, it is unnecessary for us to determine if the summary judgment was proper.
Consequently, we cannot say that the trial judge abused his discretion in denying plaintiff sanctions against defendant's counsel pursuant to LSA-C.C.P. art. 863. See Diesel Driving Academy, Inc. v. Ferrier, supra.
In addition to reserving his rights to proceed on appeal against Mr. Anderson for sanctions under Article 863, Mr. Miller purported to reserve his rights to proceed against Mr. Anderson for frivolous appeal. Despite the attempted reservation, we find that the dismissal of the appeal served to bar our consideration of the issue of frivolous appeal. To determine whether an appeal is frivolous requires an examination of and a decision on the merits, in this case, the summary judgment. It is only after the appeal has been heard on its merits that we can resolve the contention that the *561 appeal was frivolous. See Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956).
Accordingly, we affirm the judgment of the trial court and assess costs of appeal against both parties equally.
AFFIRMED.
NOTES
[1] We note that the Petition On Open Account reveals Barry W. Miller, A Professional Law Corporation, to be the plaintiff; however, there are instances when the plaintiff is referred to merely as Barry W. Miller.
[2] Specifically, the affidavit stated:

8. While affiant relies on retained consultants and experts respecting the legal particulars of Miller's professional inadequacies and errors, affiant avers that Miller has not earned the fees sued upon herein for the reasons herein set forth; affiant provides here non-exclusive examples of conduct by which affiant asserts Miller has failed to earn fees charged:
a. Miller was told on or about April 20, 1988 by the presiding judge (Calloway) that Miller failed to preclude affiant's opponents with an opportunity to present defenses (objections to motions to lift stay) by failing to present a prima facie case on the original lift-stay motion;
b. Miller failed to enforce a 60-day "drop-dead" provision in a settlement agreement confected with the debtors, by which provision affiant was entitled to recovery of the subject real estate in the event certain conditions were not satisfied within the period provided; the settlement agreement had been approved by the presiding judge; instead of seeking enforcement of the "drop-dead" provision (against which no opportunity to object existed), Miller filed a new motion to lift stay, with consequent opportunity for objection; objections were filed;
c. In November 1988, at a hearing on the renewed lift-stay motion, Miller advised the presiding judge that he was not sufficiently familiar with the facts at issue to conduct affiant's own direct examination; Miller sought to rely upon other counsel  not enrolled in the suit  to present the hearing testimony, which request by Miller was denied by the presiding judge.