KNOLL, Judge.
This appeal concerns the assessment of attorney’s fees and reasonable expenses against the plaintiff’s attorney[1] for his client’s failure to testify at a deposition.
The facts are few in this case since the minutes reflect that no testimony was taken in the trial court. Nonetheless, we were able to glean the following facts. Kenneth W. Corumia sued Brian L. Broad-hurst and his insurer, United Services Automobile Association (hereafter USAA), for damages he received in an automobile collision. On November 15, 1989, counsel for USAA gave notice to Corumia that his deposition would be taken on December 5, 1989, at the office of Corumia’s attorney. For reasons which are disputed, counsel for Corumia refused to allow the deposition to proceed. Subsequently, USAA and Broad-hurst initiated a rule to show cause why Courmia should not be compelled to pay court costs, the court reporter’s fee for the terminated deposition, attorney’s fees, and mileage expenses. The court minutes for March 26, 1990, the date of the rule to show cause, reflect:
“Rule-Motion to Recover Expenses filed by Defendant, United Services Automobile Association and Marian L. Broad-hurst regularly scheduled for this date is now called to trial. Present: Mr. Michael Stiltner, Counsel for United Services Automobile Association (USAA); Marian L. Broadhurst, Mover herein; and Mr. Michael B. Miller, Counsel for Kenneth W. Corumia, Respondent herein. Oral Argument is heard by the Court from Counsel. Case Submitted.

BY THE COURT:

It is ordered that Plaintiff’s Counsel, Michael Miller, [2] be ordered to pay Two Hundred Twelve and 50/100 ($212.50) *379 dollars as expenses. Rule made Absolute.”
Courmia’s attorney contends that the award of expenses and attorney’s fees was not justified because there was no factual basis for the trial court to assess them.
When a failure to make discovery occurs, it is incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. Allen v. Smith, 390 So.2d 1300 (La.1980). Stated another way, the burden of proof is upon the disobedient party to establish why an award of expenses should not be made. In the case sub judice, the record is void of any evidence[3] which would satisfy the burden of proof of the disobedient party. Therefore, we find that the trial court did not err in its conclusion that expenses and attorney’s fees were due.
Nevertheless, we find that based on the record before us, we cannot uphold the trial court’s award of expenses and attorney’s fees.
A proceeding to impose sanctions for failure to comply with a discovery order should be instituted by written contradictory motion. Henson v. Copeland, 451 So.2d 41 (La.App. 2nd Cir.1984). LSA-C.C.P. Art. 963 provides that a rule to show cause is a contradictory motion. As such it is incumbent on the moving party to produce evidence which supports the relief sought.
In the case sub judice, the record is void of any proof of the expenses USAA and Broadhurst incurred as a result of the termination of the deposition by Corumia’s attorney. Therefore considering the absence of proof, we are compelled to set aside the judgment of the trial court.
We further find that a remand is not appropriate. USAA and Broadhurst came to court fully aware of their need to prove the expenses they incurred because of the terminated deposition. They had an opportunity at the hearing to introduce supporting evidence and failed to do so.
For these reasons the judgment of the trial court is reversed. Judgment is rendered in favor of Michael B. Miller and against Marian L. Broadhurst and United Services Automobile Association, dismissing their motion for expenses and attorney’s fees. Costs of trial and appeal are assessed one-half to Michael B. Miller and one-half to Broadhurst and USAA.
REVERSED AND RENDERED.

. See Franklin v. Harvill, 406 So.2d 696 (La.App. 2nd Cir.1981), for a discussion of whether a judgment against an attorney for the expenses caused by him during pre-trial discovery is ap-pealable. We, too, follow Berard v. American Employers Insurance Company, 246 So.2d 687 (La.App. 1st Cir.1971), and decide that under the facts in the case sub judice, Corumia’s attorney may appeal.

. We will not digress for long on the question of how Corumia's attorney, a party not cited as a defendant in the rule to show cause, was ultimately cast with liability for the expenses of discovery. Corumia’s attorney has not raised this procedural issue and as such, it is deemed waived. However, for purposes of argument, such action may be appropriate. In Allen v. Smith, infra, the disobedient party’s attorney does not appear to have been made a defendant. Nevertheless, because the failures of discovery were attributable to plaintiffs counsel, the Supreme Court stated, ”[P]laintiffs counsel alone will be required to pay reasonable expenses ..., including costs of all proceedings and attorney's fees_" As in Allen, counsel for Corumia was responsible for advising Courmia not to participate in the deposition. Therefore, it was appropriate to assess the attorney herein with the expenses and attorney’s fees.

. Counsel for Courmia asserts in brief that he alone submitted evidence, namely, a copy of the court reporter’s proces verbal of the attorneys’ statements at the deposition addressing the termination of the deposition and the parties’ positions relative thereto. In the absence of a transcript of the hearing and the appellant's failure to provide a narrative of facts as provided by LSA-C.C. Arts. 2130 and 2131, we are bound by the' correctness of the court minutes. Since those minutes do not memorialize the introduction of evidence, we cannot consider the proces verbal.