601 So.2d 746 (1992)
Adib SHAHLA and Alemar Corporation
v.
CITY OF PORT ALLEN, et al.
No. CA 91 0634.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
*747 Michael R. Connelly, Baton Rouge, for plaintiffs Adib Shahla and Alemar Corp.
Nelson M. Lee, Bunkie, for defendant George E. Antie.
Moise W. Dennery, New Orleans, for defendant Dr. Isidore Cohn, Jr.
Robert L. Freeman, Lisa Freeman Koch, Baton Rouge, for defendants Robert A. Rayford and John N. Gum, Jr.
Bradley C. Myers, Baton Rouge, for defendant City of Port Allen.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This suit cumulates an action for damages in tort under La.C.C. art. 2315 and 42 U.S.C.A. § 1983 with an action for reimbursement for unjust enrichment.[1]

PROCEDURAL FACTS
The plaintiffs are the Alemar Corporation (Alemar), a Louisiana business corporation, and Adib Shahla, the principal stockholder in Alemar. The plaintiffs allege in their petition that Alemar purchased two tracts of land in the City of Port Allen (City) and were thereafter unlawfully forced by the City to construct a new public street (15th Street) for access to this and other property. They further assert that owners of immovable property on the new street, namely Dr. Isidore Cohn, Jr., George Antie, Robert A. Rayford and John N. Gum, Jr., were unjustly enriched by the construction of the street and should be required to pay the plaintiffs their pro rata share of the construction cost.
Antie filed peremptory exceptions raising the objections of no right of action and no cause of action. Rayford and Gum filed (1) a dilatory exception raising the objection of failure to join a necessary party (the Rayford-Gum Partnership) and (2) a peremptory exception raising the objections of (a) failure to join an indispensable party (the Rayford-Gum Partnership), (b) no cause of action and (c) no right of action. The City filed a peremptory exception raising the objections of prescription, no cause of action and no right of action. Dr. Cohn filed (1) a dilatory exception raising the objection of failure to join necessary parties (Linda G. Gilmore, Babette C. Golden and Elise C. Rosenthal who are co-owners in indivision) and (2) a peremptory exception raising the objections of (a) failure to join indispensable parties (Linda G. Gilmore, Babette C. Golden and Elise C. Rosenthal who are co-owners in indivision), (b) no cause of action and (c) no right of action.
*748 On July 19, 1990, the trial for all of these exception was held. At the conclusion of the trial, the trial judge rendered judgment from the bench that (1) sustained the dilatory exceptions raising the objection of failure to join necessary parties filed by Rayford, Gum and Dr. Cohn; (2) sustained the peremptory exceptions raising the objection of failure to join indispensable parties filed by Rayford, Gum and Dr. Cohn; (3) sustained the peremptory exceptions raising the objections of no cause of action and no right of action filed by all defendants against Shahla; (4) sustained the peremptory exceptions raising the objection of no cause of action filed by all defendants against Alemar; (5) granted Alemar fifteen days to file an amended petition (Shahla was not granted an opportunity to file an amended petition); and (6) cast Shahla and Alemar with all costs associated with these exceptions. These rulings were reduced to a written judgment that was signed on July 31, 1990. No appeal was taken from this judgment.
Also, on July 19, 1990, on joint motion of the City and Shahla, the trial court rendered and signed a judgment which partially sustained the peremptory exception raising the objection of prescription filed by the City.[2] This judgment states that (1) "the plaintiff is asserting and is pursuing as the basis for recovery only the theory of unjustified enrichment and is not asserting a claim under any other theory of law", (2) "the City of Port Allen's Exception of Prescription is granted as to all theories of law or recovery, except unjustified enrichment", and (3) "the City's exception of prescription as to the plaintiff's claim for unjustified enrichment is denied." No appeal was taken from this judgment.
On August 2, 1990, Alemar and Shahla filed a supplemental and amended petition. In this pleading Linda Golden, Babette C. Golden, Elise C. Rosenthel and Rayford-Gum Partnership were added as parties defendant to the suit, and Paragraph 7 of the original petition was amended to provide as follows:
Petitioners allege that defendants have been unjustly enriched by the projects petitioner was forced to construct, and petitioners are entitled to compensation from defendants on a pro-rated basis for the costs of construction. The specific elements of said unjust enrichment are as follows:
A. All defendants have had their property values enhanced as a direct and proximate result of the plaintiffs' construction of an access road i.e. Fifteenth Street, which provided paved access not only to the property of plaintiffs, but also to the property of defendants. Defendants further had their property values enhanced and were personally enriched by the constructions of utility tie-ins to properties owned by certain of the defendants which heretofore had not had utility tie-ins.
B. Plaintiff Alemar Corporation was impoverished by having to expend considerable funds in the amount of approximately TWO HUNDRED THOUSAND ($200,000.00) DOLLARS to pave Fifteenth Street to provide access and utility tie-ins to property other than its own.
C. Plaintiff Adib Shahla was personally impoverished by having to provide considerable funds of his own to Alemar Corporation to pay for construction of said road and utility tie-ins, as well as providing his expertise and personal supervision as a civil engineer in the construction of the property for which he was never reimbursed by Alemar Corporation or defendants.
D. There was no legal justification for the defendants, City of Port Allen, to force plaintiffs to construct all of Fifteenth *749 Street and provide utility tie-ins to properties other than that owned by plaintiffs in that there were no legal requirements for said action and further said Fifteenth Street had been previously dedicated to the City by a prior land owner, and the City used the threats of denying necessary permits for use of plaintiffs' property to plaintiffs if they fail to comply with the requirements imposed by the City.
E. Due to the fact that plaintiffs were under intense pressure from the City to construct Fifteenth Street and would have suffered a considerable financial loss had they complied with the requirements of the City as soon as possible, plaintiffs had no immediate legal remedy available to them at the time and are therefore entitled to bring this suit for unjust enrichment.
Subsequently, Linda G. Gilmore, Babette C. Golden, Elise C. Rosenthal and the Rayford-Gum Partnership filed declinatory exceptions raising the objections of insufficiency of citation and lack of personal jurisdiction because the plaintiffs attempted to serve them through the counsel of record for Dr. Cohn, Rayford and Gum. Dr. Cohn, Rayford, Gum, Antie and the City filed a peremptory exception raising the objection of no right of action against the supplemental and amending petition of Alemar asserting that Alemar was declared a bankrupt on April 12, 1990, under Chapter 7 of the federal bankruptcy law and no longer had an interest to proceed in this case. Dr. Cohn filed motions for sanctions pursuant to La.C.C.P. art. 863 against Shahla and his attorney, Michael R. Connelly, asserting, in pertinent part, the following:
On May 1, 1990, Mr. Shahla, in the presence of his counsel of record, testified in deposition that the Alemar Corporation had been placed into Chapter 7 bankruptcy by the Bankruptcy Court. He further testified to this at the earlier hearing held before this Court on July 19, 1990, again in the presence of his counsel of record. At that hearing, it was pointed out by various counsel for defendants that only the trustee in bankruptcy had the right to proceed after a corporation has been placed in Chapter 7. Despite this, the Supplemental and Amended Petition presently before this Court was filed without any indication that the Trustee in Bankruptcy had authorized its filing in the name of Alemar Corporation.
As a result of these actions taken by Mr. Shahla and Alemar Corporation through their counsel of record, Defendant, Dr. Isidore Cohn, Jr., has been forced to incur additional expenses and attorney's fees.
Rayford and Gum also filed similar motions for sanctions pursuant to La.C.C.P. art. 863 against Shahla and his attorney, Michael R. Connelly, asserting, in pertinent part, the following:
On July 19, 1990, after a full contradictory hearing on all exceptions filed on behalf of the various defendants to this action, the Honorable Catherine D. Kimball, granted defendants' cumulative exceptions of no right of action and no cause of action as to Adib Shahla, and accordingly, dismissed Shahla from this action.
Notwithstanding the Judge's Orders to the contrary, which were rendered in the presence of Adib Shahla and his counsel, Shala [sic] filed a Supplemental and Amended Petition as if he were still a party to this proceeding.
At the same hearing, Judge Kimball received testimony by Mr. Shahla that Alemar Corporation was in bankruptcy, and that its Chapter 11 proceeding had been converted to a Chapter 7 proceeding. Subsequently, the Judge entertained oral exceptions and supporting argument by the various defendants challenging Alemar's right of action to maintain this suit, since the Chapter 7 Trustee had become the party having the exclusive authority to continue litigation involving the Chapter 7 debtor. Supporting caselaw was additionally cited to bolster defendants' position. (Bolding in original)
Rayford, Gum and Antie filed motions to strike all portions of the supplemental and *750 amending petition pertinent to Shahla because "Shahla has been dismissed from this litigation, [and] his continued assertion of a claim is totally improper." The City filed a peremptory exception raising the objection of no cause of action asserting the petition as supplemented and amended fails to state a cause of action for unjust enrichment.
On November 8, 1990, the trial court heard all of these motions and exceptions and rendered judgment from the bench. This judgment (1) sustained the peremptory exception raising the objection of no cause of action filed by the City; (2) sustained the peremptory exceptions raising the objection of no right of action filed by Dr. Cohn, Rayford, Gum, Antie and the City against the supplemental and amending petition of Alemar; (3) granted the motions of Rayford, Gum and Antie to strike the supplemental and amending petition of Shahla; (4) sustained the declinatory exceptions raising the objections of insufficiency of service of process and lack of personal jurisdiction of Linda G. Gilmore, Babette C. Golden, Elise C. Rosenthal and the Rayford-Gum Partnership; and (5) cast Shahla and Alemar for all costs associated with these motions and exceptions. This portion of the judgment was reduced to writing and signed on January 22, 1991. The trial court also rendered judgment on the motions for sanctions (1) in favor of Rayford and Gum against Shahla and Connelly for $4,142.06 and (2) in favor of Dr. Cohn against Shahla and Connelly for $4,907.62. This portion of the judgment was reduced to writing and signed on January 25, 1991.
On February 21, 1991, Shahla and Alemar filed a motion and order for a suspensive appeal from the January 22 and 25, 1991 judgments. The trial judge signed the order that same day and fixed a $10,000 suspensive appeal bond. On February 27, 1991, Shahla and Alemar posted the suspensive appeal bond. Connelly did not appeal or post an appeal bond.

VALIDITY OF SHAHLA'S APPEAL OF THE JUDGMENTS ON THE MERITS OF THE EXCEPTIONS

(Assignment of error 1)
Shahla has appealed the January 22 and 25, 1991 judgments and asserts "[T]he District Court erred manifestly in granting defendants' Exceptions of No Right/Cause of Action against Adib Shahla personally without allowing him an opportunity to amend."
The July 31, 1990 judgment sustained the peremptory exceptions raising the objections of no cause of action and no right of action filed by all defendants (Antie, Rayford, Gum, the City, and Dr. Cohn). This judgment did not grant Shahla an opportunity to file an amended petition. La.C.C.P. art. 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Because the trial judge granted Alemar an opportunity to amend, but did not do so for Shahla, it reasonably may be inferred that the trial judge determined that Shahla could not remove the grounds for the objections by amendment. However, because of the procedural posture of this case, it is unnecessary for us to address this issue.
A trial court judgment that sustains a peremptory exception and allows a period of time for an amendment of the petition is not an appealable judgment because it is not a final judgment or an interlocutory judgment which causes irreparable injury. See Schroeder v. Board of Supervisors of Louisiana State University, 540 So.2d 380 (La.App. 1st Cir.1989) and the authorities cited therein. However, a trial court judgment that sustains a peremptory exception raising the objections of no cause of action and no right of action and does not allow time for amending the petition is a final, and, thus, appealable judgment. La.C.C.P. arts. 1841 and 2083; Lambert v. National Bank of Commerce, 472 So.2d 284 (La.App. 1st Cir.1985); Fussell v. Fireman's Fund Insurance Company, *751 225 So.2d 727 (La.App. 1st Cir.1969). Pursuant to La.C.C.P. art. 2088, the jurisdiction of the trial court is divested and that of an appellate court attaches only "on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal." The time fixed by law for taking a suspensive appeal is thirty days [La.C.C.P. art. 2123], and that for taking a devolutive appeal is sixty days [La.C.C.P. art. 2087]. If the time fixed by law for appealing has elapsed without a timely appeal being filed, the questioned ruling becomes definitive and res judicata. La.C.C. art. 3556(31); La.R.S. 13:4231; Hospital Corporation of America v. Robinson, 506 So.2d 938 (La.App. 1st Cir.1987). The timely filing of a motion for an appeal is a condition precedent for an appellate court to properly obtain jurisdiction over an action. Thomas v. Department of Corrections, L.T.I., 430 So.2d 1153 (La.App. 1st Cir.), writs denied, 435 So.2d 432 (La.1983) and 438 So.2d 566 (La.1983). An appellate court can dismiss an appeal at any time for lack of jurisdiction if it is untimely. La. C.C.P. art. 2162; Schenker v. Watkins, 521 So.2d 686 (La.App. 1st Cir.1988).
Shahla did not take an appeal from the July 31, 1990 judgment that sustained the peremptory exceptions raising the objections of no cause of action and no right of action filed by Antie, Rayford, Gum, the City and Dr. Cohn against him. Even if Shahla's motion and order for an appeal filed on February 21, 1991, could be construed as including the July 31, 1990 judgment, it would be untimely as either a suspensive or devolutive appeal.
Accordingly, pursuant to La.C.C.P. art. 2162, on our own motion we notice our lack of jurisdiction over this issue, and dismiss that portion of Shahla's appeal that seeks review of the July 31, 1990 judgment that sustained the peremptory exceptions raising the objections of no cause of action and no right of action.

ALEMAR'S RIGHT OF ACTION AS A BANKRUPT

(Assignment of error 2)
Alemar asserts that "[T]he District Court erred manifestly in granting defendants' Exceptions of No Right of Action against Alemar Corp. and on the grounds that it was not authorized to proceed by the Trustee in bankruptcy."
The objection of no right of action raised in a peremptory exception determines if the plaintiff has a right or legal interest in the subject matter of the suit. The court must decide if the plaintiff belongs to the class of persons to whom the law grants the remedy being sought. Directional Wireline Services, Inc. v. Tillett, 552 So.2d 1201 (La.App. 1st Cir.), writs denied, 551 So.2d 1343, 1344 (La.1989).
The record on appeal before us does not contain any records from the federal bankruptcy court.[3] However, at the hearings held on July 19, 1990, Shahla testified as follows:
Q. Now, Alemar is in Bankruptcy right now, are they not?
A. That's right.
Q. In your bankruptcy, which you had filed as a Chapter Eleven reorganization, now it's Chapter Seven, do you follow
A. Yes, Alemar is in Chapter Seven.
At the hearings held on November 8, 1990, counsel for Alemar and Shahla made the following judicial confession (La.C.C. art. 1853):
This suit was filed months ago, the Chapter Seven was taken months ago. We have been contacting, not only myself, but also the bankruptcy attorney for Alemar, had been in repeated contact with the bankruptcy trustee asking her to do something; either abandon it so we can proceed with the litigation, take the litigation over, appoint me to proceed in a preliminary matter [sic] until she decides what to do, to do something in this thing. We've gotten no response.

*752 The only response we got to this letter was a telephone conversation I had with the trustee and the letter was mailed on July the 20th. A telephone conversation with the trustee in which she said that she hadn't decided what she was going to do yet but she'd let us know in a couple of weeks, and that's it, we haven't heard anything since.
Any causes of action that Alemar may have arose prior to the bankruptcy proceedings. However, when Alemar was placed in Chapter 7 bankruptcy, the ownership of these causes of action was transferred to the bankruptcy trustee; thereafter, only the trustee has the capacity to act to recover the assets of the bankrupt. Ott v. Richard, 556 So.2d 147 (La.App. 5th Cir. 1990); Landry v. Calcasieu Marine National Bank, 528 So.2d 229 (La.App. 3rd Cir.1988); Jones v. Chrysler Credit Corporation, 417 So.2d 425 (La.App. 1st Cir.), writ denied, 420 So.2d 456 (La.1982), cert. denied, 459 U.S. 1114, 103 S.Ct. 747, 74 L.Ed.2d 966 (1983). If Alemar wished to proceed individually after being placed in Chapter 7 bankruptcy, it should have gotten permission to do so from the bankruptcy court.[4]See, for example, Tillett, 552 So.2d at 1208-1209. By its own admission through counsel, Alemar did not do so. In this procedural posture, Alemar had no right of action to proceed. The trial court ruling was correct.
This assignment of error is without merit.[5]

VALIDITY OF SANCTIONS

(Assignment of error 4)
Shahla asserts "[T]he District Court erred manifestly in granting sanctions against plaintiff and his attorney."

Sanctions Against Connelly
The judgments assessing sanctions against Connelly are appealable judgments and Connelly had a right to appeal them. Cf. Corumia v. Broadhurst, 584 So.2d 377 (La.App. 3rd Cir.1991); Skidmore v. Salvadras, 478 So.2d 541 (La.App. 1st Cir.1985); Franklin v. Harvill, 406 So.2d 696 (La. App. 2d Cir.1981). This is, in part, because the claims for sanctions are separate and distinct causes of action from the causes of action alleged by Alemar and Shahla in the main demand. Cf. Cantrelle Fence and Supply Company, Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987). Connelly did not appeal these judgments or post a suspensive appeal bond. In this procedural posture, we have no jurisdiction to act on or consider the sanctions imposed on Connelly. La.C.C.P. art. 2088.

Sanctions Against Shahla
La.C.C.P. art. 863(B), (D) and (E) provide as follows:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
. . . . .

*753 D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
Article 863 imposes an obligation on litigants and their counsel to make an objectively reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry. Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506 (La.App. 4th Cir.1991). Pursuant to Article 863(D), if the trial court finds as a fact that a pleading was filed and was (1) not reasonably well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) filed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, the court shall[6] impose an appropriate sanction upon the litigant and/or his counsel. The factual determination of the trial court that Article 863 was, or was not, violated is reviewed on appeal pursuant to the "manifest error" or "clearly wrong" standard used by appellate courts to review trial court factual findings. Loyola, 580 So.2d at 509. Further, pursuant to Article 863(D), if a litigant and/or counsel is found to be in violation of Article 863(A), the trial court shall impose "an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee." (Emphasis added). When used in the Code of Civil Procedure, the word "may" is permissive and denotes "discretion". La.C.C.P. art. 5053. Thus, once a trial court factually finds a violation of Article 863(A), under Article 863(D), it must (shall) impose a sanction, but it has discretion (may) in selecting the elements of the sanction. The trial court determination of the type and/or amount of sanction is reviewed on appeal pursuant to the "abuse of discretion" standard of appellate review. Barry W. Miller, A Professional Law Corporation v. Poirier, 580 So.2d 558 (La.App. 1st Cir.1991).
In her oral reasons for judgment on November 8, 1990, the trial court judge found as follows:
THE COURT: I'm not aware of any authority in any law that allows you, Mr. Connelly, to just totally go on your own and make up whatever pleadings under whatever rules you think might fit what you want to do. The law is fairly clear on the right of action of the bankruptcy trustee. I thought that I was clear the last time on the right of action of Mr. Shahla. He had no right of action then and, even under the amendments, if he attempted to show one he hasn't even come close to doing that, although I don't think that's even before me today because I thought I had already ruled on that.
But, nevertheless, Alemar clearly has no right of action to proceed without the bankruptcy trustee, whether or not you chose to try to call them or not. They have also no cause of action under the cases in the suit. I don't know that that means it's necessary to grant any of the others, but there was not a single exception that I recall having read, either in the first petition or in the exceptions filed as to the amendment, that were not valid. So that, hopefully, should clear up any question on what the Court's intention is.

*754 This suit is fraught with more errors than I have ever seen in any suit since I have been sitting on the bench, and I cannot imagine how you could attempt to sustain it on the arguments that you gave me.
Does anybody need a clarification on the ruling? I think the no cause will take care of the whole thing, but in the event it doesn't, the motion to strike is certainly good, the insufficiency of process is certainly good, the no right of action is certainly good.
. . . .
THE COURT: The Court abhors ever having to entertain sanctions against any attorney, but in this case, Mr. Connelly, whether or not, and I do not doubtI do not doubt your sincerity and that you are attempting to solve a problem, however, what you have done is filed any numerous pleadings, all of which are untenable under any set of circumstances that anyone may wish to address and all of which have caused these defendants to spend considerable amounts of money to defend totally unnecessary allegations.
The Court believes that that is exactly what the statute intended and, quite frankly, I only would say to you that I think you're mighty lucky you're in state court instead of federal court because I believe if you were in federal court that federal judge would give you many more things to think about than I'm getting ready to do.
The Court believes that certainly for an attorney to undertake pleadings which are totally unnecessary and untenable and cannot be sustained, not once but twice, and to have people spend this kind of money when, by your own admission the pleadings are no good, I think you're going to have to pay their expenses and the attorney fees incurred in the case.
The essence of these factual holdings is that Shahla and Connelly had no objectively reasonable basis in fact or law to (1) file a supplemental and amending petition on behalf of Alemar without the permission of the bankruptcy court, or (2) file a supplemental and amending petition on behalf of Shahla when the July 31, 1990 judgment did not authorize him to do so. After reviewing the record we cannot say that these factual findings are clearly wrong.
This assignment of error is without merit.[7]

INCREASE IN THE ATTORNEY FEE AWARD TO RAYFORD AND GUM
In their appellate brief, Rayford and Gum state that "if appellants are not successful in the appeal taken herein, appellees are entitled to an increase in the attorney's fees awarded by the trial court." A review of the record shows that Rayford and Gum did not appeal or answer the appeal. In this procedural posture, they are not entitled to an increase in their attorney fee award. La.C.C.P. art. 2133; Reilly v. Gene Ducote Volkswagen, Inc., 549 So.2d 428 (La.App. 5th Cir.1989).

DECREE
For the foregoing reasons, the trial court judgments which (1) sustained the peremptory exceptions raising the objection of no right of action filed by Dr. Cohn, Rayford, Gum, Antie and the City against Alemar's petition, as supplemented and amended, and (2) assessed sanctions against Shahla in favor of Dr. Cohn, Rayford and Gum, are affirmed. Shahla's appeal of the July 31, 1990 judgment that sustained the peremptory exception raising the objections of no cause of action and no right of action filed by Antie, Rayford, Gum, the City and Dr. Cohn against Shahla's original petition is dismissed. The issues of the validity of the imposition, type and amount of sanctions imposed on Connelly are not considered. Shahla is cast for all costs of this appeal.
*755 AFFIRMED IN PART; DISMISSED IN PART, NOT CONSIDERED IN PART.
NOTES
[1] In its appellate brief, the Alemar Corporation asserts it has a cause of action in quasi contract under La.C.C. art. 2292 et seq. The caption of the original petition states it is a "PETITION IN SUIT FOR DAMAGES FOR UNJUST ENRICHMENT". The trial court pleadings and memoranda refer to unjust enrichment. Unjust enrichment is an equity remedy (actio de in rem verso) under La.C.C. art. 4. See Mouton v. State, 525 So.2d 1136 (La.App. 1st Cir.), writ denied, 526 So.2d 1112 (La.1988).
[2] The evidence presented at the trial of the exceptions shows that Alemar (not Shahla) purchased the property in question on February 21, 1984, from Rainbow Steel Buildings, Inc. In the act of sale the parties stated that "It is specifically agreed that Rainbow Steel Buildings, Inc. and Alemar Corporation shall pro-rate the cost, to construct 15th Street as shown on the attached map, to the City of Port Allen's specifications for acceptance as a public street, on a basis of one-half (½) to each party." Shortly after that the street was built. This suit was filed on January 16, 1990. See La.C.C. art. 3492; Detro v. Roemer, 739 F.Supp. 303 (E.D.La. 1990).
[3] This court cannot consider facts referred to in brief that are not in the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991).
[4] The automatic stay provision of 11 U.S.C.A. § 362 only applies to an action against a bankrupt; it does not apply to an action filed by a bankrupt against another. Scarborough v. Duke, 532 So.2d 361 (La.App. 3rd Cir.1988).
[5] Because we find that assignment of error 2 is without merit, it is unnecessary for us to address assignment of error 3 which asserts "[T]he District Court erred manifestly in granting defendants' Exceptions of No Cause of Action against Alemar Corp. as plaintiff Alemar Corp. has stated a cause of action under the provisions of C.C. art. 2292, et. seq." Further, Alemar and Shahla have not assigned error in the rulings in the January 22, 1991 judgment that (1) granted the motions to strike of Rayford, Gum and Antie to the supplemental and amending petition of Shahla, and (2) sustained the declinatory exceptions raising the objections of insufficiency of service of process and lack of personal jurisdiction of Linda G. Gilmore, Babette C. Golden, Elise C. Rosenthal and the Rayford-Gum Partnership.
[6] When the word "shall" is used in the Code of Civil Procedure, it is mandatory. La.C.C.P. art. 5053; Scott v. Clark, 583 So.2d 938 (La.App. 1st Cir.1991).
[7] Shahla does not assign error in the trial court's selection of the types and amounts of sanctions.